## KENT *v.* THE TOWN OF KENTLAND ET AL.

COMMON SCHOOLS.—*Constitutional Law.—Act of March 8th*, 1873.—*Tax by City or Town on Property of Non-Resident.*—The act of March 8th, 1873 Acts 1873, p. 60, authorizing a city or incorporated town to assess

i 62 291
162 315

and collect a tax for the payment of a debt contracted by the city or town in constructing or completing a school building, upon the property of persons, who, residing and having their property outside of the city or corporate limits, have, whether transferred or not, sent their children to a school taught within the city or corporate limits in such school building, is constitutional.

From the Newton Circuit Court.

*R. S. Dwiggins*, *Z. Dwiggins* and *J. T. Saunderson*, for appellant.

BIDDLE, J.—Complaint by the appellant, against the appellees, to enjoin the collection of a special, additional tax, levied under the authority of section 3 of the act of March 8th, 1873, Acts 1873, p. 60, upon certain lands owned by the appellant and situated outside of the corporate limits, for the purpose of paying the interest and principal on certain bonds issued by said town of Kentland to aid in the erection of school buildings.

Some interlocutory orders were had in the premises, which we need not notice, as no question arises upon them. Answer, general denial; trial by the court on an agreed statement of facts, as follows:

" 1.   The plaintiff resides in Jefferson township, in said Newton county, Indiana, and outside of the corporate limits of the town of Kentland, which said town is situated in said Jefferson township.

" 2.   The real estate described in plaintiff's complaint is situated in said township, and outside of the corporate limits of the town of Kentland.

" 3.   The lands described in the complaint were of the assessed value of one hundred and fifteen thousand two hundred and twenty dollars ($115,220), for the year 1874, as appears by the duplicate of said town.

" 5.   The plaintiff sent his children to the school in the school building in said town during the year 1874, for the payment of the erection and furnishing of which the bonds of said town had been issued, as alleged in the complaint;

but said plaintiff was not transferred to said town for edu-cational purposes; neither did said plaintiff make any request to be so transferred.

"5.    That the defendants, Charles Frankenberger, John G. Perry and Greenberry W. McCray, as the board of trustees of said town, on the 12th day of May, 1874, levied a tax of fifty cents on each one hundred dollars of the valuation of said lands, as the taxes thereon, for the purpose of paying the principal and interest of said bonds so issued, amounting to the sum of $576.10 for said year 1874, and for no other purpose whatever.

"6.    That the defendant Daniel Graves, as the then marshal of said town, advertised said land for sale, as alleged in the complaint, to pay the above sum of $576.10, delinquent taxes thereon for the year 1874, and the further sum of $92.17, interest and penalty thereon, being the total sum of $668.27, which remains due and unpaid."

Upon this agreed statement of facts, the court found for the appellees, and denied the injunction.    Judgment accordingly.

The plaintiff below prepared the case and appealed from the judgment to this court.

The main question presented—indeed the only one discussed in the appellant's brief—is the constitutionality of the law under which the tax is sought to be collected. The constitution requires, that "The General Assembly shall provide by law for a uniform and equal rate of assessment and taxation."    Art. 10, sec. 1.

It is contended by the appellant, that the law in question does not provide a "uniform and equal rate of assessment and taxation."

The law under which the tax is assessed, cited above, provides, that "persons residing outside of any such city or town and electing to be transferred to such town or city for educational purposes, or who shall send their

children to the school taught in any such building, shall,. with their property, be liable to such tax as if they re- sided in such city or town, on all property owned by said' person in the township where such city or town is located."

The 16th section of the common school act provides,. that, when persons can be better accommodated at the school of an adjoining township, incorporated town or city, they may, upon request, be transferred for educational purposes. to such adjoining school.

Section 17 provides, that each person so transfer- red may be taxed for the benefit of the school they so en- joy, points out the method by which he may be so taxed,. and declares that the payment of such tax "shall release· his property from special school tax, in the township in· which he resides." 1 R. S. 1876, p. 785.

The later law, above quoted, under which the tax in· question was levied, provides, that those who send their children to such adjoining school shall be so taxed, as well as those who are transferred for educational purposes.

We can see nothing unconstitutional in any of these acts. They are "uniform and equal" in the rate of as- sessment and taxation, operate throughout the State, and upon all persons in the same circumstances, alike. Of course, the facts upon which these laws act are not equal and uniform, but continually vary; and a municipal law can no more act without facts, than the law of gravitation can act without matter. The laws, by which counties and townships levy and collect taxes for their own use, are uniform and equal, yet the rates of assessment and taxa- tion in one county or township, as compared with another county or township, are not uniform and equal, and may vary from year to year. Those changes in fact do not affect the uniformity and equality of the law.

Whether the payment of the tax sought to be enjoined in this case will release the property of the appellant from

a special school tax in the township where he resides, is a question not before us, and therefore not considered; but, having voluntarily enjoyed the benefits of the adjoining school, by sending his children there to be taught, we think he is bound to pay the tax, whether he caused himself to be transferred to such adjoining district for educational purposes or not. The fact that he failed to have himself so transferred can not affect the law by which he made himself liable to taxation by sending his children to be taught at the adjoining school; and he can not avoid the payment of the tax by merely failing to be transferred for educational purposes.

The judgment is affirmed, at the costs of the appellant.