KERR, AUDITOR, *v.* PERRY SCHOOL TOWNSHIP.

[No. 20,090. Filed March 11, 1904.]

CONSTITUTIONAL LAW.—*Justness of Statute.*—As to whether an act is expedient, wise, or just, is a matter to be determined by the legislature, and its decision in that respect is not open to judicial review. *p. 314.*

SAME. – *Uniformity of Rate of Taxation.*—Section 1, article 10, of the state Constitution, requiring uniformity and equality in the rate of assessment and taxation of property, deals only with the rate of assessment and taxation within the taxing district in which the particular tax is levied, and does not control the expenditure of money arising out of such assessment and taxation. *p. 315.*

SAME.—*Act Regulating Transfer of Children from One School District to Another.*—The act of March 11, 1901, regulating the transfer of children from one school corporation to another, and fixing the price of tuition, is constitutional. *pp. 311-315.*

From Monroe Circuit Court; *J. B. Wilson,* Judge.

Suit by Perry School Township against Samuel M. Kerr, auditor of Monroe county. From a judgment for plaintiff, defendant appeals. *Reversed.*

*H. A. Lee, H. C. Duncan* and *I. C. Batman,* for appellant.

*J. E. Henley,* for appellee.

JORDAN, J.—Action in the lower court by Perry school township, Monroe county, Indiana, to enjoin appellant, the auditor of said county, from drawing a warrant on the treasurer thereof in favor of the school city of Bloomington, to be paid out of the special school fund apportioned to said township. The money for which appellant was about to draw the warrant was for tuition due to the school city of Bloomington on account of the transfer of certain children of school age of appellee township, transferred for school purposes to the school city of Bloomington, under and in pursuance of an act of the legislature approved March 11, 1901 (Acts 1901, p. 448, §5959a et seq. Burns 1901). Appellant unsuccessfully demurred to the complaint, and, on his refusal to plead further, judgment was rendered enjoining him from drawing the warrant in question as prayed for in the complaint of appellee.

The error assigned in this appeal is that the court erred in overruling the demurrer to the complaint.

The first section of the above-mentioned act provides: "That if any child resident in one school corporation of the State may be better accommodated in the schools of another school corporation the parent, guardian or custodian of such child may at any time ask of the school trustee, board of school trustees or commissioners of the school corporation in which such child resides an order of transfer, which, if granted, shall entitle such child to attend the schools of the corporation to which such transfer is made, under the conditions hereinafter prescribed: Provided," etc.

Section two of the act provides as follows: "If such transfer is granted, the school trustees, or board of school trustees, or commissioners of the school corporation in which such child resides, shall pay out of the special school fund to the school trustee, board of school trustees or commissioners of the school corporation to which such child

is transferred, as tuition for such child, an amount equal to the annual per capita cost of education in the corporation to which said child is transferred; or such a part of it as the term of enrollment of said child in the schools of the creditor corporation may require: Provided, that the per capita cost in high schools shall be calculated upon the basis of expenditures for high school purposes, and the per capita cost in grade schools shall be calculated upon the basis of expenditures for the schools below the high school: Provided, that the rate of tuition per month shall not exceed $2 in the high school, or $1.50 in the grades. In calculating the per capita cost, only expenditures for the current year, not including permanent improvements and additions, shall be counted."

Section four provides that the indebtedness for tuition between school corporations under the provisions of the act shall be due and payable February 1 and July 30 in each year. It is further provided in said section that "If any school trustee or board of school trustees or commissioners refuse to pay any sums claimed by another corporation as due, the creditor corporation shall make written statement of the case to the county auditor, who shall have power to hear and determine the matter. If he hold that a given sum is due the complaining corporation, he shall, in the next semiannual distribution of school revenues, withhold such sum from the amount otherwise due the debtor corporation. Provided," etc.

The complaint, among other things, alleges that certain children therein named, prior to the school year 1901-02, were within school age, and residents of Perry township, and were by the proper authority transferred to the school city of Bloomington; "that on the 17th of October, 1902, there was filed in the office of the auditor of Monroe county, a statement of the president and secretary of the board of trustees of the school city of Bloomington, of the annual per capita cost of education in the school city of

Bloomington for school year 1901-02 for the high school
in said city, and also for the grades in the schools of said
city, and also a statement of the money due to the school
corporation July 1, 1902, on transferred children for
school purposes from the corporation of Perry school town-
ship, which statement claimed a balance due from plaintiff
of $235.25," and asking that the auditor hear and deter-
mine the facts, and withhold said amount from Perry
school township in the next semiannual distribution of
school revenues, and issue a proper warrant therefor; that
subsequently the matter was submitted to the auditor, who
determined that amount was due, and that it would be
withheld. The complaint then alleges that there were but
five months of school in Perry township, and nine months
in the city of Bloomington; that the transferred children
in both high school and grades had the advantage of the
nine months, while the untransferred had but five months;
that a large majority of the children could not be better
accommodated by being transferred to the city of Bloom-
ington; that plaintiff tendered the city school trustees "the
full amount claimed by said school city for a school term
of five months, according to the estimate made by said
school city for the cost of education per capita in said
school city for said year." The complaint further alleges
that the statute under which the transfer of the children
was made is invalid, (1) because it is inequitable and
unjust, and (2) that it is unconstitutional.

Counsel for appellant insist that the pleading is mani-
festly insufficient, and that the demurrer thereto should
have been sustained. Opposing counsel, in support of the
complaint, argue that the threatened act of the county
auditor to withhold $235.25 out of appellee's special school
fund for the purpose of applying the same in payment of
the tuition due to the creditor corporation, the school city
of Bloomington, as the cost of the education of the chil-
dren transferred from Perry township to the city schools,

is illegal, for the reason that section two of the statute in question does not contemplate that the debtor school corporation shall be liable for or pay to the creditor corporation for a term of school which is in excess of the term in the debtor corporation. It is asserted that, inasmuch as it is shown by the facts alleged that the annual terms of the schools in appellee township continue only five months, while in the school city of Bloomington the terms are nine months in length, therefore, the contention is that, under such circumstances, appellee is only liable to said school city for five-ninths of the per capita cost of each child transferred. As an illustration counsel say that if the per capita cost for the annual term of the schools of said city is $18, then appellee, under a proper construction of section two, would only be liable to pay $10, five-ninths of the total per capita cost in the city's schools. It is contended that if the law is not open to this construction, then it must be held to be violative of §1, article 10, of the state Constitution, which declares that "the general assembly shall provide, by law, for a uniform and equal rate of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal," etc.

The claim made that the act in controversy, in its character or nature, is inequitable or unjust, if true, is not one which concerns the court. As to whether an act is expedient, wise, or just, is a matter to be determined by the legislative department, and its decision in that respect is not open to judicial review. *State* v. *Gerhardt,* 145 Ind. 439, 450, 33 L. R. A. 313; *Hedderich* v. *State,* 101 Ind. 564, 51 Am. Rep. 768.

We can not yield our sanction to the construction of section two for which counsel for appellee contends. In fact, it may be said that this section speaks clearly for itself, and requires no interpreting to reveal what it means. Under its provisions it certainly can not be said that the

legislature intended that the debtor corporation should be liable for or pay any amount less than that prescribed by the plain letter of the law. The evident meaning of the clause in section two which reads, "or such a part of it as the term of enrollment of said child in the schools of the creditor corporation may require," is that if the child transferred is enrolled for only six months in the schools of the creditor corporation, and the term of such schools is nine months, then the debtor corporation is required to pay the per capita cost for six months only. Or, in other words, it would be required to pay for what it received, and no more. Under such circumstances it can not be said that in this respect the law is inequitable or unjust. The contention that if the statute means what it declares then it is violative of §1, article 10, of the state Constitution is wholly untenable. This provision of our fundamental law clearly applies to assessments and taxation, and does not profess to control the expenditure of money arising out of any assessment or taxation of property. It deals with the uniformity and equal rate of assessment and taxation of property within the taxing district or locality in which the particular tax is levied. *Bright* v. *McCullough,* 27 Ind. 223; *Loftin* v. *Citizens Nat. Bank,* 85 Ind. 341; *Board, etc.,* v. *State, ex rel.,* 147 Ind. 476, 492, and cases cited; *Kent* v. *Town of Kentland,* 62 Ind. 291; *Robinson* v. *Schenck,* 102 Ind. 307.

Appellee insists that taxes are not equal and uniform when all persons within the district or locality do not share equally in the benefits derived therefrom. But benefits derived from taxes levied, and the uniformity of assessment and taxation within the particular district or locality, are entirely different questions. As the act in question is neither invalid on the grounds assigned by appellee, nor open to the construction or interpretation for which its counsel contend, therefore it certainly has no foundation whatever upon which to base a right for

an injunction against appellee to prevent him from drawing the warrant or withholding the money in dispute.

The court erred in overruling the demurrer to the complaint, for which error the judgment is reversed, and the cause remanded with instructions to sustain the demurrer.