## GAFILL v. BRACKEN, AUDITOR OF STATE.

[No. 24,429. Filed November 7, 1924. Rehearing denied January 13, 1925.]

1. TAXATION.—*Tax on Use of Property.—Legislative Power Unlimited.*—Legislative power is unlimited to impose taxes on the use of property for certain purposes, or the sale thereof, within this state, except that invidious discrimination will not be permitted. p. 558.
2. TAXATION.—*Gasoline Tax.—Statute.*—The act of 1923 (Acts 1923 p. 532) which imposes a tax on all the gasoline sold in the state for use in operating automobiles in this state is not a "property tax", in violation of Art. 10, §1, of the constitution, as it is the use of gasoline and not gasoline itself that is taxed. p. 558.

3. STATUTES.—*Title · Broader Than Act.*—*Validity.*—The fact that the title of an act is broader and includes more than the act itself does not make the act unconstitutional. p. 559.

4. STATUTES.—*Title Broader Than Act.*—*Gasoline Tax Law.*— The title of the act of 1923 (Acts 1923 p. 532), which imposes a tax on gasoline sold in this state, embraces the subject-matter of the act, and the fact that it is broader than the body of the act, reciting that a tax is to be imposed "on the use of gasoline", while the act imposes a tax only on the use of gasoline for propelling automobiles operated on public highways of the state, does not make it unconstitutional. p. 559.

5. STATUTES.— *Validity.*— *Conflict with Constitutional Provisions.*—The fact that the act of 1923 (Acts 1923 p. 532), which imposes a tax on gasoline sold in this state, requires persons selling gasoline to make returns of sales and to collect the tax and pay it to the Auditor of State, does not make it in conflict with the constitutional provision which forbids taking a man's particular services without compensation. p. 560.

6. TAXATION.—*Power of Legislature to Select Subjects of Taxation.*—The selection of subjects for taxation is a legislative power that is not restricted by the constitution so long as the law operates without discrimination upon all within the taxing district. p. 560.

7. TAXATION.—*Legislative Power to Tax for Highways Unlimited.*—Legislative power to provide a tax for building, maintaining and repairing highways is unlimited except as restricted by the state and federal constitutions. p. 560.

8. STATUTES.—*Gasoline Tax Law.*—*Validity.*—The mere fact that the act of 1923 (Acts 1923 p. 532), which imposes a tax on gasoline sold in this state, requires a tax to be paid on gasoline to be used to operate automobiles on the highways of the state while it need not be paid for operating vehicles by any other power, does not make the law invalid, the legislative power of selecting the subjects of taxation not being subject to control by the courts. p. 560.

9. TAXATION.—*Exact Equality not Required, because Impossible.* —Exact equality as between different subjects of taxation is not required, being impossible of attainment. p. 560.

10. STATUTES.—*Validity.*—*Use of Funds Collected in One County to Improve Highways in Another.*—The fact that money paid into the state treasury by residents of one county may or will be used to improve highways of another county does not make the gasoline tax law of 1923 (Acts 1923 p. 532) invalid. p. 561.

11. STATUTES.—*Gasoline Tax Law.*—*Validity.*—The gasoline tax law (Acts 1923 p. 532) does not require a person intending

to drive an automobile across the state line into another state to purchase more than sufficient gasoline to carry him to the state line, and he may then replenish his supply in the other state without paying the Indiana tax.   p. 561.

12.  STATUTES.—Gasoline Tax Law.—Validity.—The gasoline tax law (Acts 1923 p. 532) itself appropriates the necessary funds for the payment of all lawful claims for rebates of such tax provided for therein, and does not permit the withdrawal of money from the state treasury without an appropriation so as to conflict with Art. 10, §3, of the state constitution.   p. 561.

13.  CONSTITUTIONAL LAW.—Fourteenth Amerdment.—Gasoline Tax Law Not in Conflict with.—The gasoline tax law (Acts 1923 p. 532) does not conflict with any of the provisions of the Fourteenth Amendment to the constitution of the United States. p. 562.

14.  TAXATION.—Gasoline Tax Law.—Validity.—The gasoline tax law (Acts 1923 p. 532), not being forbidden by the constitutional provision requiring "a uniform and equal rate of assessment and taxation", nor by any other expressed prohibition in the state or federal constitution, the fact that a property tax may have been paid on the same gasoline does not render the law invalid.   p. 562.

15.  CONSTITUTIONAL LAW.—Conferring Judicial Power on Administrative Officer.—A law providing for ·the payment by the Auditor of State of claims against the State, on the presentation of duly itemized claims therefor, is not unconstitutional because of conferring judicial power on an administrative officer in violation of Art. 3 of the constitution of Indiana. p. 562.

16.  STATUTES.—Gasoline Tax Law.—Validity.—The gasoline tax law (Acts 1923 p. 532) is not rendered invalid by the provision thereof requiring the Auditor of State to issue warrants in payment of rebates to persons who have paid the tax on gasoline not used in automobiles, as his action is not judicial so as to bring it into conflict with Art. 3 of the constitution, as being an attempt to confer judicial power on an administrative officer.   p. 562.

From St. Joseph Superior Court; *Lenn J. Oare,* Judge.

Suit by Bruce Gafill against Robert Bracken, as State Auditor, to enjoin the enforcement of the gasoline tax law. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Hubbard, Farabaugh & Pettengill, Harmon & Jay* and *Walter R. Arnold,* for appellant.

*U. S. Lesh* and *Arthur L. Gilliom,* Attorneys-General, and *Dale F. Stansbury,* for appellee.

EWBANK, J.—Appellant sued appellee, as auditor of state, seeking to restrain him, by injunction, from taking any steps toward enforcing the act which imposes a tax of two cents a gallon on gasoline sold or used for certain purposes (Acts 1923 pp. 532-537), particularly demanding that he be forbidden to expend any money from the state treasury or to incur any expense on behalf of the state to put the act into effect, and that he be forbidden to exact payment of the tax of two cents per gallon on such gasoline. A demurrer was sustained to the complaint, and, upon the refusal of appellant to amend or plead further, judgment was rendered that he take nothing by his suit, and that appellee recover costs. Appellant has assigned as error that the trial court erred in sustaining the demurrer to his complaint.

In substance, the complaint alleged that defendant (appellee) was the auditor of state and was sued in that capacity; that plaintiff (appellant) then was and for many years had been a resident taxpayer, of the city of South Bend, in Portage township, St. Joseph county, Indiana, paying taxes each year on real and personal property therein, and also a poll tax; that he then owned and was operating an automobile, run by the internal combustion of gasoline, and used gasoline for that purpose in said St. Joseph county, and also in adjacent states, both in the conduct of his business and for pleasure, which automobile could not be operated by any other power; that he was a stockholder in a designated corporation engaged in the business of selling and distributing gasoline and other petroleum products in the city of South Bend, where it had its principal place of business, and in other parts of the State

of Indiana and in adjoining states, owning seventy fill-
ing stations where gasoline and other petroleum prod-
ucts were sold to consumers, and operating thirty-one
tank-wagon trucks, which were run by the internal
combustion of gasoline, in delivering such gasoline and
other petroleum products to its customers; that said
company thereby hauled gasoline on the highways of
Indiana and adjoining states, to fill orders received by
mail, telegraph and telephone, and verbally; that in this
manner it sold and delivered gasoline to purchasers for
use in propelling stationary engines, farm tractors, mo-
tor boats, airplanes and aircraft, and for cleaning and
dyeing and other commercial uses, other than the opera-
tion of motor vehicles on highways; that the gasoline
sold to many purchasers was delivered to them in other
states than Indiana, and was used entirely in such other
states, and much of the gasoline used by said company
in operating its said tank-wagon trucks was used in
propelling them upon the highways of other states than
Indiana; that demand had been made on the directors
and officers of said corporation to bring this action, but
had been refused; that, to comply with said act, the
corporation would be required to keep books, records,
papers, receipts, invoices and equipment pertaining to
its sales of gasoline, and to collect and pay over to the
State of Indiana the tax on all gasoline sold by it, and
make verified reports, at great expenses, all without
compensation for the services so rendered; that plaintiff
had bought a quart of gasoline for use in cleaning cloth-
ing, furniture and other articles and for household uses,
since the law went into effect, and that he would use
in the operation of his automobile 500 gallons per year,
while his said corporation would use in the operation
of its tank-wagon trucks 5,000 gallons per year, pur-
chased in the State of Indiana; that defendant was
threatening to expend the $2,000 appropriated by said

act in the preparation and printing of blank forms of reports, receipts and other things which he deemed necessary to provide for the administration of the act; that for six weeks past, since the date fixed by said act for imposing the tax of two cents per gallon on gasoline, defendant had been and still was enforcing the provisions of the act and requiring all dealers to collect from plaintiff and his said corporation the said tax on all gasoline purchased by them, and refusing to sell to them unless they did so, thereby making it impossible for them to get any gasoline without paying the tax; that St. Joseph county is populous and wealthy, and its inhabitants own and operate upon the highways therein thousands of motor vehicles which are operated by power derived from the internal combustion of gasoline, in which they consume 50,000 gallons of gasoline each day, and in the county are 320 miles of improved highways, being greatly in excess of the amount of gasoline consumed for that purpose in some other counties that have less miles of improved roads; that, in the city of South Bend, thousands of motor vehicles kept for hire, which are propelled by the internal combustion of gasoline, are operated solely in and upon streets constructed and paid for by means of assessments against abutting property and by city taxation, and many other such vehicles kept therein are operated and driven from Indiana into other states and foreign countries in carrying passengers and goods for hire; that many persons from adjoining states drive into Indiana with more than twenty gallons of gasoline in the tanks of their cars; that many users of gasoline for propelling such vehicles buy their supply in other states and procure it to be shipped to them in Indiana in the original, unbroken packages; that many vehicles are operated upon the highways of Indiana in said county by electricity, kerosene, steam, muscular power, and by other means

than the internal combustion of gasoline, which vehicles are used in the same way, for like purposes, and with like effect upon the highways, as the gasoline propelled vehicles; and that said act is unconstitutional for each of several alleged reasons.

The act of which the constitutionality is thus attacked (ch. 182, Acts 1923 p. 532) is entitled: "An act imposing a license fee on the use of gasoline in the State of Indiana, providing for the payment, collection and distribution thereof, prescribing certain exemptions therefrom and prescribing penalties for the violation thereof."

It enacts "that a license fee of two cents per gallon, or fraction of a gallon, is hereby imposed on the use of all gasoline, used in this state for any purpose whatsoever," to be collected by the dealer selling to any one who does not purchase for the purpose of resale, and to be paid to the auditor of state, on or before the fifteenth of the next month, at which time a report of the total number of gallons thus sold in the month shall be made under oath. For the purpose of enforcing the act, the auditor of state is authorized to examine the books and papers of any dealer pertaining to the sale of gasoline, being forbidden to divulge the information thus acquired, and the dealer who fails to make a proper return and to pay over the tax on all gasoline sold is made liable to punishment by fine and imprisonment. Persons who buy or use gasoline for the purpose of operating stationary gas engines, tractors used for agricultural purposes, motor boats, airplanes or air craft, or for cleaning or dyeing or other commercial use except propelling motor vehicles operated, in whole or in part, upon the public highways of the state, may receive back the license fee so paid upon making a statement of the amount so purchased and used for purposes other than propelling motor vehicles

so operated thereon, and presenting it, with the original invoices of such purchases, to the auditor of state, within ninety days after the date of the purchase, as shown by the invoice. The license fees so collected by the auditor of state are to be paid over to the treasurer of state, and all expenses and refunds are to be paid out on warrants, drawn by said auditor. The remainder of the fees so collected are to be credited to the state highway fund, of which a designated amount is to be distributed to the counties of the state as a special fund for the construction, maintenance and repair of highways therein, part by an equal division among them, and part in the proportion which the number of miles of free gravel or macadam or county unit roads in each county bears to the whole number of miles of such roads in the state. Persons selling gasoline on which the license fee has been paid or secured need not make such returns nor collect fees from the purchasers. The auditor of state was authorized to employ necessary assistants and to procure necessary blank forms and equipment, and $2,000 was appropriated for that purpose to be repaid to the treasury from fees when collected. An emergency was declared, and that the act "shall be in full force and effect from and after its passage." The last section provided that "this act, except §9 (making the appropriation and declaring an emergency, etc.) shall be in effect from and after the first day of June, 1923."

It is first objected that the license fees thus required to be paid constitute a tax on property, and come within the provisions of Art. 10, §1, of the Constitution of Indiana (§193 Burns 1914), which commands that "The general assembly shall provide, by law, for a uniform and equal rate of assessment and taxation." In this, counsel are mistaken. A tax on the use of property for certain purposes within this

state, or on the sale thereof within this state, is not a property tax. The owner may continue to own his gasoline indefinitely without becoming liable for the tax, or he may remove it from the state and sell or use it anywhere else in the world, without such liability. It is not the gasoline which is taxed, but the use made of it within the State. And in imposing taxes of this character, the legislative power is untrammeled, except that invidious discrimination will not be permitted. *Kersey* v. *City of Terre Haute* (1903), 161 Ind. 471, 473, 68 N. E. 1027; *City of Terre Haute* v. *Kersey* (1902), 159 Ind. 300, 311, 64 N. E. 469, 95 Am. St. 298; *Bowman* v. *Continental Oil Co.* (1921), 256 U. S. 642, 649, 41 Sup. Ct. 606, 65 L. Ed. 1139; *Standard Oil Co.* v. *Brodie* (1922), 153 Ark. 114, 239 S. W. 753; *In re Opinion of Justices* (1923), 121 Atl. (Me.) 902.

It is next objected that the subject-matter of the act is not embraced by the title, but we think it is, so far, at least as the question is material in the case at bar. Those acts passed in 1923 which did not declare an emergency had been duly published and circulated, and had taken effect long before this action was commenced, and it makes no difference in this action whether the act took effect on March 6, the day it was approved, or not until some weeks later when the Governor issued his proclamation. In either event, it was in force on July 12, when this action was begun.

That the title is broader than the body of the act, reciting that the license fee is to be imposed "on the use of gasoline," while the act imposes a tax only 3, 4. on the use of gasoline for propelling automobiles operated upon public highways of this state, does not make the act unconstitutional. *Board, etc.,* v. *Scanlan* (1912), 178 Ind. 142, 145, 98 N. E. 801.

The mere fact that those dealing in gasoline are required to make returns of the amount sold and to col-

lect and pay the tax does not make the law con-
flict with the constitutional provision which
forbids taking a man's particular services with-
out compensation. Nobody is required to sell gasoline,
nor to collect the tax unless he chooses to make sales.
But the state has power to regulate the business of sell-
ing gasoline, and to levy a tax on all gasoline sold for
use in propelling automobiles upon the highways of this
state, and imposing an incidental burden upon those
who voluntarily engage in the business of selling that
article does not make the statute invalid. *Pierce Oil
Corp.* v. *Hopkins* (1924), 264 U. S. 137, 68 L. Ed. 302,
44 Sup. Ct. 251.

The State has ample power to select the use of gaso-
line for propelling vehicles on the highways of this
state as a subject of taxation from which to raise
revenue for the construction, maintenance and
repair of highways. The selection of subjects
for taxation is a legislative power that is not restricted
by the constitution so long as the law is made to oper-
ate without discrimination upon all within the taxing
district. *State Board, etc.,* v. *Holliday* (1898), 150 Ind.
216, 219, 49 N. E. 14, 42 L. R. A. 826; *In re Opinion of
Justices* (1923), 120 Atl. (N. H.) 629. The power of
the legislature in matters of taxation for building,
maintaining and repairing highways is unlimited, ex-
cept as restricted by the state or federal constitution.
*State, ex rel.,* v. *Board, etc.* (1908), 170 Ind. 595, 610,
85 N. E. 513.

The mere fact that the fee or tax must be paid for
gasoline with which to operate automobiles upon the
highways of this state, while it need not be paid
for operating vehicles by any other power, does
not make the law invalid. *Kersey* v. *City of
Terre Haute, supra.* Exact equality as between differ-

ent subjects of taxation is not required, being impossible of attainment if any tax at all is to be imposed. *Kersey* v. *City of Terre Haute, supra;* Cooley, Taxation (4th ed.) §259. And the classification of subjects of taxation so as to put automobiles propelled by the use of gasoline in a class by themselves, being within the power of the legislature, its action with respect to such matters is not subject to control by the courts. *Baldwin v. State* (1923), 194 Ind. 303, 141 N. E. 343.

The legislative power to determine which of many highways in the state shall be improved with funds raised by taxation for that purpose is not limited by any provision of the Constitution, and the mere fact that part of the money paid into the State treasury by residents of St. Joseph county may or will be used to build roads in other counties does not make the act invalid.

It is complained that persons who buy gasoline in Indiana for the operation of automobiles must pay the tax although they may drive at once to the state line and across into another state. But the law does not require such a person to purchase in Indiana more than sufficient gasoline to carry him to the state line. If he prefers, he may reach that point with an empty tank, and replenish his supply in the other state without paying the Indiana tax.

There is no merit in the contention that the provision for rebate of money paid for gasoline not used in operating motor cars requires money to be drawn from the state treasury otherwise than in pursuance of appropriations made by law. The terms of this statute sufficiently make the necessary · appropriation for payment of all lawful claims for rebates. .*Carr, Auditor,* v. *State, ex rel.* (1891), 127 Ind. 204, 210, 26 N. E. 778, 11 L. R. A. 370, 22 Am. St. 624;

*Henderson, Auditor,* v. *Board, etc.* (1891), 129 Ind. 92, 100, 28 N. E. 127, 13 L. R. A. 169.

> The act does not violate the Fourteenth Amendment to the Constitution of the United States. *Pierce*

13. *Oil Corporation* v. *Hopkins, supra; Bowman* v. *Continental Oil Co., supra.*

The complaint clearly failed to state facts sufficient to constitute a cause of action and no error was committed in sustaining the demurrer to it.

The judgment is affirmed.

Willoughby, J., absent.

### ON PETITION FOR REHEARING.

EWBANK, J.—The imposition of a tax of a fixed amount per gallon upon all sales of gasoline to be used for one designated purpose not being forbidden

14. by the constitutional provision requiring "a uniform and equal rate of assessment and taxation,"

nor by any other expressed prohibition contained in the Constitution of the State of Indiana or of the United States, it follows that a statute imposing such a tax is not made invalid by the fact that some or all of such gasoline may have paid a tax, as property, in proportion to its assessed value.  The authorities to the contrary cited by counsel for appellants are in direct conflict with the decisions of this court cited below. *Kersey* v. *City of Terre Haute* (1903), 161 Ind. 471, 473, 68 N. E. 1027; *City of Terre Haute* v. *Kersey* (1902), 159 Ind. 300, 311, 64 N. E. 469.

Administrative officers charged with the duty of drawing warrants for the payment of claims against the public treasury, and of paying such claims,

15, 16. must always exercise some judgment and discretion in determining whether or not to draw a

warrant or pay a claim.  But when a claim for the refund of money, paid as tax for gasoline sold, is pre-

sented to the auditor of state, duly itemized (§7490 Burns 1914, §1, ch. 15, Acts 1897 p. 175) and accompanied by the original invoices showing such purchases (§5, ch. 182, Acts 1923 p. 534), the action of the auditor in drawing a warrant for the amount is no more judicial than it is when he approves and draws a warrant for the payment of any other of the thousands of claims against the state for other demands. If he should pay an unfounded claim, it would not constitute an adjudication in favor of the claimant, but the money paid could be recovered back, and the claimant would also be liable to a criminal prosecution for presenting a false claim. The statute under consideration does not violate Art. 3 of the Constitution of Indiana (§96 Burns 1914) by attempting to confer judicial power upon an administrative officer.

We think that counsel for the appellant assign to the decision in this case a broader scope than it really has. And construed as a decision that the particular statute under consideration does not conflict with any provision of the Constitution of the State of Indiana or the Constitution of the United States, we think it correct.

The petition for a rehearing is overruled.