CONTER ET AL. *v.* COMMERCIAL BANK OF CROWN POINT.

[No. 26,416. Filed February 6, 1936.]

*George E. Hershman,* for appellant.

*John B. Peterson,* for appellee.

FANSLER, J.—Appellee brought this action to enjoin appellants from collecting the November installment of taxes upon appellee's real estate for the year 1932, payable in November, 1933. Appellants' demurrer to the complaint was overruled, and, appellants refusing to plead further, there was a judgment as prayed.

Error is assigned upon the ruling on the demurrer.

The only question presented involves a construction of the Intangible Tax Law affecting banks and trust companies. Acts 1933, ch. 83, p. 545. Section 19 of the act provides that: "Any bank or trust company may elect to pay the tax imposed and levied under the provisions of this act from and after July 1, 1933, in which event the tax so paid shall be substituted for and be in lieu of any tax which such bank or trust company would otherwise be obligated to pay at the November, 1933, taxpaying date, by virtue of any other law of this state. If any such bank or trust company does not elect to pay the tax imposed by virtue of this act, in lieu of the November, 1933, installment of taxes, which such bank or trust company is obligated to pay by virtue of any other law of this state, then and in that event such bank or trust company shall pay such November, 1933, installment of taxes as it would have been required to do if this act had not been passed. On and after January 1, 1934, all banks and trust companies shall pay the tax imposed under the provisions of this act and no other, except upon real estate and those imposed by the Gross Income Tax Act of 1933." Appellee elected to pay the tax imposed by the act from and after July 1, 1933. The contention of appellee, concurred in by the

lower court, is that, by paying under the provisions of this law, after July 1, 1933, it was exempted from paying any other tax, including taxes upon real estate which it owned, which otherwise would have been due and payable in November, 1933. It will be noted that the first sentence in the quoted part of the statute provides that payment shall be substituted for and be in lieu of any tax which would otherwise be due by virtue of any other law of this state; while, in the third sentence, those who began to pay under the provision of the law on January 1, 1934, are exempted from paying any other tax "except upon real estate and those imposed by the Gross Income Tax Act of 1933." It is contended that, since an exception is expressed in the third sentence, no exception can be implied in the first.

There is much to be said for the contention if the language of the statute be construed literally, and yet, upon a consideration of the entire act, it is difficult to avoid the conclusion that the legislative intention was concerned only with a new method of taxing intangibles. The construction adopted by the court below assumes a legislative intention to exempt the real estate of banks electing to come within the terms of the provisions in question from the burden of taxation for one-half of the year 1932. Similar acts affecting building and loan associations (Acts 1933, ch. 82, p. 541), and corporations and individuals generally (Acts 1933, ch. 81, p. 523), provide for no such exemption. Art. 10, §1, of the Constitution of Indiana, does not permit the exemption of real estate from taxation except "for municipal, educational, literary, scientific, religious, or charitable purposes." The constitutionality of the Intangible Tax Law was sustained upon the theory that the tax levied thereby was in lieu of the tax formerly levied upon intangibles as property. *Lutz et al.* v. *Arnold et al.* (1935), 208 Ind. 480, 193 N. E. 840. The

intangibles tax could not have been upheld if it had provided for a tax upon the income from intangibles in lieu of all taxes upon real estate owned by the taxpayer regardless of the amount of intangibles, and the amount of real estate owned by each taxpayer, and notwithstanding some intangibles owners own no real estate, and some real estate owners own no intangibles. The construction adopted by the trial court would exempt the real estate of banks and trust companies from taxation for the six-months' period upon the payment of the intangibles tax, regardless of the amount of the intangibles or intangibles tax, or of the amount of the real estate holding, if any, of each bank or trust company, without making any exemption of a like character for any other class of corporations or for individual taxpayers. The Constitution declares against exemptions except for the purposes mentioned; it requires uniformity and equality; and the provision that the General Assembly "shall prescribe such regulations as shall secure a just valuation for taxation of all property," necessarily implies that taxation shall be based upon valuation. The law so construed violates every rule of uniformity and equality. It exempts the real estate of one class, and one class only, from taxation, and determines the amount of taxes which banks and trust companies are to pay without any consideration whatever of the value of their real estate. If the tax on intangibles be considered as in lieu of taxes on real estate it violates the requirement that valuation shall be the basis of taxation, since it cannot be said that this requirement is complied with where the amount of the tax to be paid by the real estate owner is determined by the income from his intangibles, without any regard whatever to the amount and value of his real estate. Such a construction would therefore render the provision of the statute unconstitutional. An unconstitutional intention

will not be attributed to the legislature if it can be reasonably avoided. We conclude therefore that the first sentence of section 19 of the law must be construed to mean that, if a bank or trust company elects to pay taxes under the provisions of the law after July 1, 1933, the tax will be in lieu of the tax which it would otherwise pay upon its intangibles. Such a construction is reasonable, and consistent with the evident purpose of the several intangible tax laws passed at that session of the legislature, and avoids unconstitutionality.

Judgment reversed, with instructions to sustain appellants' demurrer to the complaint.