WRIGHT ET AL. *v.* STEERS, ATTORNEY GENERAL, ET AL.

[No. 30,148. Filed January 30, 1962. Rehearing
denied March 13, 1962 ]

*Murray, Mannon, Fairchild & Stewart* and *H. William Irwin,* of Indianapolis, for appellants.

*Edwin K. Steers,* Attorney General of Indiana, *Michael B. Reddington,* attorney for appellee Robert Reilly, *Francis E. Thomason,* attorney for appellee Phillip L. Bayt, *Obed T. Kilgore,* attorney for appellees, Allan Hunter, David Finney and Clem Smith, *John I. Bradshaw, Jr.,* attorney for Marguerite Joyce and Special Attorney for appellees Alva Brewer, Richard L. Worley, Lawrence D. Baker, Peter Beczkiewiez, Dorothy Gardner, John Hatchett and John Barton, *Thomas M. Scanlon* and *George J. Zazas,* attorneys for appellee Automobile Dealers Association of Indiana, Inc., *Andrew Jacobs, Sr.,* attorney for Robert O'Neal, Sheriff, and *Barnes, Hickam, Panzter & Boyd,* of counsel, all of Indianapolis, for appellees.

ARTERBURN, J.—This appeal concerns the constitutionality of Chapter 345 of the Acts of the General

Assembly of 1961, which provides for a tax of two (2%) per cent on the value of motor vehicles and mobile homes " . . . in lieu of the ad valorem property tax . . ." To raise this question the appellants filed a complaint for a declaratory judgment and asked for injunctive relief against the defendant public officials to prevent the enforcement of the Act. The trial court rendered a judgment holding the Act to be constitutional and denied the injunctive relief asked.

The contentions of the parties in this case in a large measure, revolve around the question as to whether the proposed tax is an excise tax or an ad valorem property tax.

The Act briefly provides:

> "SEC. 2. There is hereby imposed an annual license *excise tax* upon motor vehicles and mobile homes, which tax shall be *in lieu of the ad valorem property tax* levied for state or local purposes, but in addition to any registration fees imposed on such vehicles." (Our italics)

It further provides that the tax shall be a sum equal to two (2%) per cent of the value of the vehicle, which shall be determined on a sliding scale of depreciation beginning with the delivered price. There are various other provisions with reference to adjusting this valuation in cases of inequities that we need not consider here. It is further provided that the tax shall be paid each year at the time the vehicle is registered and a license tag is obtained. Provisions are made for a reduction of the tax, depending upon the portion of the year having expired at the time application is made for registration.

As noted above, no such vehicle to which the tax is applicable may be assessed as personal property or be subject to ad valorem taxes thereafter.

It is generally recognized that there is no limitation under the Indiana Constitution as to the number of excise taxes which may be imposed by the legislature. Such a tax has been defined as one which is imposed upon the exercise of a privilege or use within the state, the most common illustration being that of the use of the public highways. *Miles* v. *Dept. of Treasury* (1935), 209 Ind. 172, 199 N. E. 372, 101 A. L. R. 1359, Appeal dism. 298 U. S. 640, 56 S Ct. 750, 80 L Ed. 1372; *Crittenberger, Auditor* v. *State etc. Trust Co.* (1920), 189 Ind. 411, 127 N. E. 552; *Gafill* v. *Bracken, Auditor* (1924), 195 Ind. 551, 145 N. E. 312, 146 N. E. 109.

It is contended that although the Act in question calls the tax an "excise" and "license" tax, at no place therein does it define the use or privilege for which the tax is levied. It does not fix the purpose for which the proceeds from the tax shall be applied. It is further pointed out that the amount of tax in each instance is based upon the value of the property, and not related to the extent of the use made. It is true that the nature of the tax must be determined by its operation and incidence, rather than by its title or designation made by the legislature. In other words, the legislature may not change a factual situation by giving it a different name or designation. However, none of these factors are decisive of the question here. 51 Am. Jur., Taxation, §28, pp. 56, 57; *Miles* v. *Dept. of Treasury, supra; Flint* v. *Stone Tracy Co.* (1911), 220 U. S. 107, 31 S. Ct. 342; 55 L. Ed. 389; *Nicol* v. *Ames* (1899), 173 U. S. 509, 19 S. Ct. 522, 43 L. Ed. 786.

It is not necessary for us to make an exact determination of these questions for the reason that it appears to us that whether the Act in question estab-

lishes an excise tax or an ad valorem property tax, it has, in either case, inherent constitutional weaknesses.

Let us first consider the Act as if it were an ad valorem property tax. The Constitution of Indiana provides: (Article 10, §1)

> "*Assessment and Taxation.*—The General Assembly shall provide, by law, for a uniform and equal rate of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only for municipal, educational, literary, scientific, religious, or charitable purposes, as may be specially exempted by law."

As stated in the related case of *Finney, Assessor, et al.* v. *Johnson et ux.* (1962), 242 Ind. 465, 179 N. E. 2d 718:

> "Viewing the Indiana constitutional provision (Article 10, §1) set forth above, it has three main provisions: (1) The rate of taxation shall be uniform. (2) The valuation and assessment for taxes must be 'just' on *all* property. (3) Only property used for 'municipal, educational, literary, scientific, religious or charitable purposes' may be exempted from such taxation. (Our italics)"

It is apparent from the Act in question that if it is an ad valorem property tax, it does not meet the requirement that the rate of taxation shall be uniform and equal on all property. The Act purports to fix a tax rate in the amount of two (2%) per cent of the value of the motor vehicle. This is neither uniform nor equal with the general tax rate established annually on "all property, both real and personal."

"The provision of said section and article of the Constitution is complied with when all property is assessed at its true cash value and at the same rate; there is then uniformity and equality of assessment and taxation." *Davis* v. *Sexton, County Treasurer* (1936), 210 Ind. 138, 161, 200 N. E. 233, 243; *Miles* v. *Dept. of Treasury* (1935), 209 Ind. 172, 199 N. E. 372, 101 A. L. R. 1359, Appeal dism. 298 U. S. 640, 56 S. Ct. 750, 80 L. Ed. 1372; *Kerr* v. *Perry School Tp.* (1904), 162 Ind. 310, 70 N. E. 246.

We can find no cases in Indiana which hold that the legislature, in imposing a general ad valorem property tax (as distinguished from an excise tax) may tax different classes of property at different rates.

The legislation must therefore fall as an ad valorem property tax by reason of a failure to comply with the constitutional provision requiring an equal and uniform rate for all ad valorem property taxes.

We take up next the consideration of the legislation as a validly enacted excise tax. It is argued that the tenor of the Act reveals an intention to tax for the use of the highways only those motor vehicles that are registered for that purpose; that all other motor vehicles are specifically exempted from the application of the Act; that the Act specifically says that the proposed "excise" tax "shall be in lieu of the ad valorem property tax." It is conceded that the legislature is under no constitutional prohibition under Article 10, §1 in fixing an excise tax and in varying the rates and classifying the property upon the basis of sound public policy. *Miles* v. *Dept. of Treasury, supra*; *Tax Commissioners* v. *Jackson* (1931), 283 U. S. 527, 51 S. Ct. 540, 75 L. Ed. 1248, 73 A. L. R. 1464; *Board etc.* v. *Johnson*

(1909), 173 Ind. 76, 89 N. E. 590; *Gafill* v. *Bracken, Auditor* (1924), 195 Ind. 551, 145 N. E. 312, 146 N. E. 109.

Assuming the legislation meets the qualifications of an excise tax and therefore is not subject to the provisions of Article 10, §1 of our Constitution in that respect, there is still contained therein a section exempting motor vehicles so taxed from the general property tax. The Act thus runs afoul of the constitutional provision, which prevents any exemptions from ad valorem property tax except property used "for municipal, education, literary, scientific, religious or charitable purposes."

Section 2 of the Act provides:

"SEC. 2. There is hereby imposed an annual license excise tax upon motor vehicles and mobile homes, which tax shall be in lieu of the ad valorem property tax levied for state or local purposes, but in addition to any registration fees imposed on such vehicles."

This court has said:

"No class of property is exempt from taxation unless it is 'specially exempted by law;' and only property used for 'municipal, education, literary, scientific or charitable purposes' can be specially exempted by law. (Art. X, §1, Indiana Constitution)" *Stark* v. *Kreyling* (1934), 207 Ind. 128, 132, 188 N. E. 680, 681.

So long as the Constitution reads as it does, the legislature had no authority to exempt from the general property tax any property other than that specifically limited in Article 10, §1. *Stark* v. *Kreyling, supra*; *The State ex rel. Tieman et al.,* v. *The City of Indianapolis* (1879), 69 Ind. 375, 35 Am. Rep. 223; *Miles* v. *Dept. of Treasury* (1935), 209 Ind. 172, 199 N. E.

372, 101 A. L. R. 1359, Appeal dism. 298 U. S. 640, 56 S. Ct. 750, 80 L. Ed. 1372.

It is urged upon us, however, that the Act has a severability clause in Section 20, which, in substance provides that if any part is declared invalid, such invalidity shall not affect other provisions of the Act; that thereupon the severability clause will result in the excise tax being held valid, but that portion of the Act providing for the exemption of motor vehicles from the general property tax will fall because of its invalid exemption; as a result, motor vehicles will still be subject to the general property tax rate, as all other property. We would thus have a new excise tax as fixed by the Acts of 1961, in addition to the normal annual registration tax, and also the general property tax on motor vehicles.

A consideration of Section 2, however, reveals that it is impossible to separate the imposition of the excise tax under that section and the exemption which is therein contained. Section 2 set forth above consists of only one sentence. It would require us to split a sentence in two in order to separate the constitutional from the unconstitutional. It is our view that the legislature intended the provisions in that sentence to stand together or fall together. The Act must fall because of its unconstitutionality. It attempts, in violation of the Constitution, to exempt property other than that fixed in Article 10, §1, from taxation.

The conclusions and result which we have reached in this case would be relatively without difficulty were it not for the case of *Lutz, Atty.-Gen. et al.* v. *Arnold, Atty. & Tr. et al.* (1935), 208 Ind. 480, 193 N. E. 840, 196 N. E. 702. We cannot avoid a discussion

of that case, nor do we intend to. That case held the intangible tax law constitutional as an excise tax. The opinion contains sound statements of law therein with reference to the constitutionality of an excise tax. However, the holding in that part of the opinion which states that property (other than that specified in Article 10, §1 of the Constitution) may be expressly exempt from the general property or ad valorem tax is an anomaly in the constitutional history of Indiana. There is no precedent before or after that opinion in support of the holding. The court divided 3-2 upon that issue, Judge Fansler writing a very strong dissenting opinion. The majority opinion relied to a large extent upon the case of *The State Board of Tax Commissioners et al.* v. *Holliday et al.* (1898), 150 Ind. 216, 49 N. E. 14. That case concerned the question of whether taxing officials could assess insurance policies as personal property. It was admitted that insurance policies were intangible personal property. However, the legislature had failed to provide the machinery for assessing such property and collecting the tax, and it was held that since such intangible property was omitted from taxation rather than *expressly* exempted, the omission was not in violation of the constitutional provision. The constitutional provision was not self-executing. Even in that case the court was divided, with two judges dissenting.

The majority decision in the Lutz Case spends a large portion of the opinion explaining the history of taxation of intangibles; the difficulty of taxation of intangibles, and the amount of income which had resulted from the imposition of the new tax. Those matters which go to the merit of the legislation are not elements which a court is entitled to consider in determining the constitutionality of an Act.

We have no right to go into the merits of the proposed tax. Whether an Act is wise or expedient is a matter for the legislature—not the courts. Those matters have no bearing on the constitutionality of the legislation. Our duty is to measure the constitutionality of a law by the yardstick of the Constitution. The Constitution is made to be observed by public officials and judges. If the legislation is meritorious, yet unconstitutional, the amending clause of the Constitution offers the avenue for a change, rather than through a strained, judicial interpretation by the court.

The weakness of the reasoning in the Lutz Case is apparent, and this court is not inclined to extend the application of the case, but restrict it to its most narrow application and the facts there involved. 1960 O. A. G. No. 48, p. 288.

The history of similar legislation in the State of Arizona emphasizes the points which we have just stated. In 1937 the legislature of that state passed an Act similar to the one before us now, designating an excise or license tax on motor vehicles in lieu of an intangible personal property tax, and exempted motor vehicles from the general property tax rate. That state's constitution contained a provision similar to ours. The Supreme Court of that state declared the excise tax law unconstitutional because of the exemption of motor vehicles from the ad valorem tax. *Powell* v. *Gleason* (1937), 50 Ariz. 542, 74 P. 2d 47, 114 A. L. R. 838. However, thereafter the people of that state amended their Constitution for the purpose of validating such type of taxation, and subsequent legislation of the same kind was thereupon declared constitutional. This history is reviewed in *McAhren* v. *Bradshaw* (1941), 57 Ariz. 342, 113 P. 2d 932.

In our opinion, the Constitution does not permit an expressed exemption of any property from the general property tax rate other than that ■ specifically named in the constitutional provision.

There are other questions raised, but in view of the position we have taken, we need give them no consideration.

The judgment is reversed, with directions to enter judgment for the appellants.

Achor, C. J. and Jackson, Bobbitt and Landis, JJ., concur.


## On Petition for Rehearing

Arterburn, J.—The appellees have filed a petition for rehearing in which they state that this court erred in holding Section 11 of Chapter 345 of the Acts of the General Assembly of 1961, unconstitutional. Section 11 reads as follows:

> "SEC. 11. Notwithstanding the provisions of Section 10 of Chapter 273 of the Acts of 1955, the annual registration fee on each passenger motor vehicle of less than twenty-five (25) horsepower shall be eight dollars ($8.00); the annual registration fee of each passenger motor vehicle of twenty-five (25) horsepower or more shall be twelve dollars ($12.00)."

It is urged that in view of Section 20 (severability clause) the above section is constitutional. Section 20 reads as follows:

> "SEC. 20. If any provision of this act or the application thereof to any person or circumstance is invalid, such invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or

application, and to this end the provisions of this act are declared to be severable."

We point out that the question as to the constitutionality of Section 11 (the registration fee or license tag tax) was not raised on appeal before us. The point was not briefed. We gave it no consideration in the opinion and did not pass upon the constitutionality of that section. In view of the severability clause, our opinion should not be construed as condemning Section 11 or holding it unconstitutional. That question was simply not presented to us and we did not adjudicate the matter.

The petition for rehearing is denied.

Achor, C. J., and Jackson, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 179 N. E. 2d 721. Rehearing denied 180 N. E. 2d 539.