FINNEY, MARION COUNTY ASSESSOR,
ET AL. *v.* JOHNSON ET UX.

[No. 30,162.   Filed January 30, 1962.]

*Max M. Plesser, Obed T. Kilgore,* Marion County Attorneys, *Robert D. Risch, Leonard J. Betley,* and *Ross, McCord, Ice & Miller,* of counsel, all of Indianapolis, for appellant David D. Finney.

*William H. Traylor* and *Johnson & Weaver*, of counsel, both of Indianapolis, for appellant Carl T. Bowen.

*James E. Noland* and *Hilgedag & Noland,* of counsel, of Indianapolis, for appellees.

ARTERBURN, J.—This is an appeal questioning the constitutionality of Chapter 325 of the Acts of 1961 relating to the assessment of household goods for the purpose of taxation. The Act in general provides that household goods shall be assessed at an amount equal to five per cent of the assessed valuation of the improvements on the real estate in which the household goods are kept.

The appellees were the plaintiffs below and brought the action asking for a declaratory judgment and for an injunction against the enforcement of the Act against the appellants, the Marion County Assessor and the Assessor of Washington Township. The trial court from which this appeal is taken found the Act in question unconstitutional and enjoined its enforcement.

The Act provides that beginning on March 1st of each year the assessors shall assess household goods and use as a formula the valuation thereof, ". . . an amount equal to five per cent of the assessed valuation of the improvements in which the household goods are kept and maintained." There is a further provision and formula with reference to breaking down the improvement valuations for apartment buildings or multiple family units on a room basis. The Act states that such valuation of household goods ". . . shall be presumed to be thirty-three and a third per cent (33⅓%) of the true cash value . . ." and provides that the taxpayer may request by petition that his household goods be assessed pursuant to existing laws governing the assessment of property

in general, if he is dissatisfied with the formula fixed by the Act. It is contended that the Act is unconstitutional because Article 10, §1 of the Indiana Constitution requires that the rate of taxation not only be equal and uniform, but also the regulations by which the appraisement or valuation is made shall be such as to "secure a just valuation" of *all* property. The wording of Article 10, §1 of the Indiana Constitution, about which the constitutionality of this Act revolves, is as follows:

> "The General Assembly shall provide, by law, for a uniform and equal rate of assessment and taxation; and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, excepting such only for municipal, educational, literary, scientific, religious, or charitable purposes, as may be specially exempted by law."

It is argued and conceded that the formula fixed by the statute for the determination of the value of household goods is inequitable in some instances; that some highly valued residences and improvements contain household goods of little value, while in other instances, old and dilapidated homes on real estate contain household goods of very high value. In one place appellant Finney testified: "There is a relationship certainly in the home a person resides in and the type of furniture he would use." At another point he says, with reference to the allocation of assessments on a room basis in an apartment: "I do not say this is ideal; it might be a step towards uniformity or equality."

Viewing the Indiana constitutional provision (Article 10, §1) set forth above, it has three main provisions: (1) The rate of taxation shall be uniform. (2) The valuation and assessment for taxation must be "just" on *all* property. (3)

Only property used for "municipal, educational, literary, scientific, religious or charitable purposes" may be exempted from such taxation. *Fesler, Auditor* v. *Bosson* (1920), 189 Ind. 484, 128 N. E. 145.

We are not concerned here with any question as to a *uniform rate* of taxation or any *exemption* from taxation. We are concerned only with the requirement that the *valuation* must be "just" on *all* property. In this respect the legislature has seen fit to take the valuation of another kind or class of property (i.e., the improvements in which the household goods are kept) as a basis for valuation for the household goods. Instead of assessing and evaluating household goods themselves, it has taken a percentage of the value of another type of property. We grant there is, in some instances, a relationship between the type home in which a person lives and the value or amount of the household goods therein, just as there may be some relationship between a person's income or earnings and the kind of household goods he may own or the amount of intangible property (stocks and bonds) which he may have. Nevertheless, admitting there is a relationship, it appears too remote for the basis of a "just valuation", such as the Constitution requires. If the legislature may use a formula to fix the valuation of a taxpayer's household goods by assessing a percentage of the value of the residence in which he lives, then the same legislature (because there is also some relationship involved) may use a certain percentage of a taxpayer's income (gross or net) as a formula for determining the assessed value of his household goods or stocks and bonds. The inequities resulting are too great to warrant a valuation under such an indirect basis as here involved, since our constitutional provision requires that the valuation on *all* property must

be "just". Our court has rejected a formula under which one type of property is evaluated and used as the measure of value for a different type of property.

> "If the tax on intangibles be considered as in lieu of taxes on real estate it violates the requirement that valuation shall be the basis of taxation, since it cannot be said that this requirement is complied with where the amount of the tax to be paid by the real estate owner is determined by the income from his intangibles, without any regard whatever to the amount and value of his real estate. Such a construction would therefore render the provision of the statute unconstitutional." *Conter* v. *Commercial Bank of Crown Point* (1936), 209 Ind. 510, 513, 199 N. E. 567, 569.

Appellants, however, point to the provision in the questioned Act which provides that the taxpayer, if dissatisfied, after notice may petition to have his household goods assessed in the same manner as other personal property, namely, by inspection. Such a provision cannot save a law which is basically unconstitutional, since the effect would be to assert that an unconstitutional law may be made constitutional by a savings or escape clause which gives a complaining party the right to appeal. The very statement of such a proposition makes its infirmity apparent.

We go on, however, to another answer to this contention made, which is decisive. It is conceded that unjust valuation of household goods under the statute in question will result when some taxpayers have an unusually low assessment because the improvements are of little value, even though the household goods therein are of great value. There is no remedy or procedure under the Act to equalize such an under-assessment of household

goods resulting from the formula fixed by the legislature. The statute provides specifically that such assessment fixed by the formula (one-third of the value of the improvements) "shall be *presumed* to be thirty three and a third ($33\frac{1}{3}\%$) of the true cash value of the household goods." (Our italics) This presumption is not rebuttable or overcome *unless* the taxpayer petitions for a reassessment of *his own property*. There is no provision in the Act for any reassessment by any official or taxpayer of another taxpayer's household goods which are under-assessed. The statute fixes finally for all purposes the presumption that the assessment under the formula shall be "the true cash value of the household goods *unless the taxpayer requests that his* household goods be assessed . . ." on petition. (Our italics) We may assume that most, if not all persons under-assessed, will have no desire to petition for a reassessment. The result is that all those taxpayers (owners of household goods who are under-assessed under the formula of the Act in question) are placed in a more favorable position than remaining taxpayers who are fairly assessed or have petitioned for a reassessment. Under such prevailing condition there would be no "just valuation for taxation," as required by our Constitution, between those petitioning for a reassessment and those under-assessed under the questioned statute.

The Constitution requires a "just" valuation of all property so that the burdens of taxation may be distributed with uniformity. *Board, etc.* v. *Johnson* (1909), 173 Ind. 76, 89 N. E. 590; 1954 O. A. G. No. 18, p. 58; 1960 O. A. G. No. 48, p. 276.

We recognize there is a desire by taxing authorities to simplify and make more effective the assessment and taxation of household goods. The motives and desires in this respect can only be commended. However, such desires cannot control this court in the determination of the constitutionality of an Act. We are limited to the wording of the Constitution, regardless of our personal views and desires or the supposed merits of the legislation. Too frequently the desire to improve governmental functions produces legislation which runs counter to constitutional provisions. The contention is then made that the Supreme Court should view the meritorious objectives of such legislation in determining its constitutionality and even stretch and strain the wording of the Constitution out of its normal meaning in order to attain such legislative objectives. The answer to such a doctrine is that the amending clause of the Constitution exists to serve the needs for change in a basic instrument. Article 16, §1, Constitution of Indiana.

The doctrine of constitutional interpretation in Indiana has been that the Constitution is a fundamental instrument, not to be stretched and strained to meet the exigencies and necessities of the moment. It is a basic instrument which is rigid and firm and will withstand the emotional upheavals of the time, in the interest of protecting continually the rights guaranteed in the Constitution. The Constitution was framed to be strictly observed by all public officials and particularly the courts as guardians of the citizens' rights stated therein. The right to a "just" assessment between all taxpayers is one of those rights.

We are not unaware of a doctrine which holds that a Constitution is an elastic instrument of no particu-

lar rigidity, which stretches to meet the demands of the moment. Under such a doctrine the states of the United States have lost most of the powers originally reserved to them under the United States Constitution. 11 Am. Jur., Constitutional Law, §51, p. 660.

> The courts must resist under their oaths, pressures of the moment to change or mutilate constitutional language. The amending clause offers the proper procedure for changes.

For the reasons stated, the Act is unconstitutional.

The judgment of the trial court is affirmed.

Jackson, Bobbitt and Landis, JJ., concur.

Achor, C. J., concurs in result.

NOTE.—Reported in 179 N. E. 2d 718.