**STATE BOARD OF TAX COMMISSION-ERS of the State of Indiana, Carleton S. Phillipi, Durwood S. Strang, Taylor I. Morris, Jr., as Members Thereof, Appellant (Defendant Below),**

and

**Robert Dorsey, Assessor of Pigeon Township, Vanderburgh County, Indiana, James L. Angermeier, Assessor of Vanderburgh County, Indiana, Curt John, Auditor of Vanderburgh County, Indiana, Lewis F. Volpe, Treasurer of Vanderburgh County, Indiana, County Board of Review of Vanderburgh County, Indiana, James L. Angermeier, Curt John, Lewis F. Volpe, Robert F. Martin, Byron Hubbard, as Members Thereof (Defendants Below),**

v.

**KEY MOTORS CORP., Appellee (Plaintiff Below).**

No. 1–1279A355.

Court of Appeals of Indiana, First District.

May 15, 1980.

Rehearing Denied June 19, 1980.

Theodore L. Sendak, Atty. Gen., David C. Weigel, Asst. Atty. Gen., Indianapolis, for appellant.

Harry P. Dees, Alan N. Shovers, Patrick A. Shoulders, Evansville, for appellee; Kahn, Dees, Donovan & Kahn, Evansville, of counsel.

ROBERTSON, Presiding Judge.

The State Board of Tax Commissioners (State) brings this appeal from an adverse decision in a declaratory judgment action brought by Key Motors Corporation (Taxpayer). The Taxpayer sought a declaratory judgment that it was not liable for personal property tax on motor vehicles in its inventory held for sale in the ordinary course of its business. The trial court agreed with the Taxpayer's assertions in extensive findings of fact and conclusions of law.

We reverse.

A brief history of the taxation in this area would be helpful in understanding the scheme that eventually was devised. To correct deficiencies in the personal property taxation, in 1961 legislation was enacted that taxed household goods at a percentage of the improvements on the real estate where the goods were kept, and substituted an excise tax upon automobiles instead of a personal property tax. In the companion cases of *Wright v. Steers*, (1962) 242 Ind. 582, 179 N.E.2d 721, 180 N.E.2d 539, and *Finney v. Johnson*, (1962) 242 Ind. 465, 179 N.E.2d 718, this legislation was struck down as unconstitutional. *Wright v. Steers, supra*, struck down the excise tax as unconstitutional under the then existing Article 10, § 1, as an invalid property tax because it singled out motor vehicles at a different rate than other property and held it an invalid excise tax because it exempted motor vehicles from property taxation. *Finney, supra* found the scheme for household goods invalid under the same Article because it was arbitrary, and thus, unjust taxation.

The Indiana Supreme Court in *Wright, supra* called for a constitutional amendment to effect the legislative aims, and the Legislature, with the people of Indiana, did amend Article 10, § 1 as follows:

§ 1. (a) The General Assembly shall provide, by law, for a uniform and equal rate of property assessment and taxation and shall prescribe regulations to secure a just valuation for taxation of all property, both real and personal. The General Assembly may exempt from property taxation any property in any of the following classes:

(1) Property being used for municipal, education, literary, scientific, religious or charitable purposes;

(2) Tangible personal property other than property being held for sale in the ordinary course of a trade or business, property being held, used or consumed in connection with the production of income, or property being held as an investment;

(3) Intangible personal property;

(b) The General Assembly may exempt any motor vehicles, mobile homes, airplanes, boats, trailers or similar property, provided that an excise tax in lieu of the property tax is substituted therefor.

A complex set of statutes regarding motor vehicles was enacted under authority of this amendment consisting of three general areas: the personal property tax statutes, the motor vehicle excise tax statutes, and the motor vehicle registration statutes.

Our first consideration must be an examination of Article 10, § 1, as amended. There is an apparent ambiguity between subsection (a)(2) and subsection (b) that must be resolved before we examine the statutes. We note that subsection (a)(2) provides that the Legislature may exempt any tangible personal property *other than property being held for sale in the ordinary course of a trade or business*. Thus, the Legislature does not have the authority *at all* to exempt so-called inventory personal property. We also note, however, subsec-

tion (b) provides that *any* motor vehicle may be exempted from personal property tax provided an excise tax is substituted therefore. The question to resolve is how to interpret these subsections together. The trial court concluded that (b) is independent of (a)(2), and thus, the framers of the amendment did not intend to limit the Legislature's powers of exemption to only non-inventory motor vehicles. The trial court reached this conclusion on two grounds: first, (b) plainly states "any motor vehicles", and, second, (b) would be surplusage if it was limited by (a)(2).

The State argues that subsection (b), in effect, modifies or limits subsection (a)(2). Thus, under the State's argument, no inventory motor vehicles may be exempt under (a)(2); and, if the Legislature does exempt non-inventory vehicles, it must, under (b), substitute an excise tax in lieu of a property tax.

We accept the State's interpretation of the amendment as more persuasive of the intent of the constitutional amendment. The trial court's argument of the redundancy of subsection (b) does not persuade us, as (b) does set a further limit on (a)(2)—that is: if non-inventory motor vehicles are exempted from properly tax, an excise tax *must* be placed on the property in lieu of the property tax. Thus, the Taxpayer's argument that, if (b) did not exist, the Legislature *could* exempt non-inventory vehicles from personal property tax and *could* place an excise on these vehicles (which in the Taxpayer's view is a redundancy of (b)) ignores the mandatory nature of section (b), reflecting a constitutional mandate to always tax motor vehicles in one form or another.

■ It has been stated that, "new provisions [of the Constitution] must be considered with reference to the situation intended to be remedied or provided for." *State v. Nixon*, (1979) Ind., 384 N.E.2d 152, 157 [quoting *McMillan v. Siemon*, (1940) 36 Cal.App.2d 721, 98 P.2d 790]. The intent of the framers is paramount in our interpretation. *State v. Nixon, supra* at 157. And we must interpret as nearly as possible to conform with the objects and purposes in contemplation at the time of the adoption. *Id.*

■ There is no doubt the framers of the amendment intended to provide a constitutional means of imposing an excise tax upon the owners of motor vehicles using the automobile registration and licensing system as the means of so doing. It is common knowledge that there were thought to be abuses in the former personal property tax scheme regarding automobiles of private individuals and the 1961 Act was passed to correct such abuses by using the registration and licensing system of the State. In reading the earlier statutes that were declared unconstitutional, we can discern no special treatment of automobile dealers and manufacturers that would lead us to believe that the framers of the amendment intended to treat the manufacturers and dealers of automobiles differently than dealers and manufacturers of other tangible personal property.

■ Since we interpret the amendment in this manner, we need not comment on the legislative scheme except to make two points. First, the legislative scheme follows the interpretation of amendment we have made above. Second, even if we accepted the Taxpayer's interpretation of the amendment, the legislation clearly reflects the distinction between inventory and non-inventory motor vehicles and their different forms of taxation. For example, Ind.Code 6–6–5–2 states:

Effective January 1, 1971, there is hereby imposed an annual license excise tax upon vehicles, which tax shall be in lieu of the ad valorem property tax levied for state or local purposes, but in addition to any registration fees imposed on such vehicles.

*No vehicle,* as defined in section 1 of this act, *excepting vehicles in the inventory of vehicles held for sale by a manufacturer, distributor or dealer in the course of his business, shall be assessed as personal property* for the purpose of the assessment and levy of personal property taxes or shall be subject to ad valorem

taxes, beginning with taxes for the year 1970 payable in 1971 and thereafter, whether or not such vehicle is in fact registered pursuant to the motor vehicle registration laws. No person shall, after January 1, 1971, be required to give proof of the payment of ad valorem property taxes as a condition to the registration of any vehicle. [Emphasis added.]

We are left, then, with a consideration of the constitutionality of the statutory scheme as it exists. The trial court, in reaching its interpretation, concluded that the State's interpretation would create an unequal and non-uniform rate of taxation. The trial court concluded that non-inventory and inventory vehicles are of an identical class, and thus, to subject one to property tax and to exempt the other from property tax is unconstitutional as unequal and non-uniform. Second, the trial court noted that theoretically if an automobile is not registered (for example, because it is never used on the public highway) it will never be taxed at all—thus creating unequal and non-uniform taxation.

We have little difficulty with the first argument. In our view, Article 10, § 1 of the Indiana Constitution provides that automobiles in inventory or held for sale *must* have personal property tax placed upon them and the Legislature can exempt non-inventory vehicles if an excise tax is placed thereon. The Constitution provides for this scheme and we see no difficulty with the distinction drawn in the Article.

The second argument of the trial court presents a more complex problem. This is the question of the motor vehicle that is never registered and thus never pays any tax. Article 10, § 1(b) clearly states that if a property tax is not levied on a motor vehicle, an excise tax *must* be substituted. We interpret the motor vehicle registration and excise tax statutes as an attempt to tax all non-inventory motor vehicles. At this stage of the proceedings, we do not have the facts before us to determine whether an excise tax is indeed collected on non-registered vehicles, especially vehicles that are not registered because they are never

meant to be driven on the public highways. We leave that determination and constitutional objection to the proper case.

Judgment reversed.

RATLIFF and YOUNG, JJ. (sitting by designation), concur.