Bright *v.* McCullough, Treasurer, &c., and Another

| 27 | 223 |
| 128 | 69 |
| 27 | 223 |
| 137 | 558 |
| 138 | 41 |
| 27 | 223 |
| 145 | 459 |
| 147 | 492 |
| 27 | 223 |
| 153 | 616 |
| 27 | 223 |
| 154 | 479 |
| 155 | 244 |
| 155 | 609 |
| 156 | 697 |
| 27 | 223 |
| 157 | 326 |
| f 157 | 327 |
| 27 | 223 |
| j 158 | 565 |
| 158 | 685 |
| 27 | 223 |
| e161 | 232 |
| 161 | 233 |
| e161 | 490 |
| 162 | 315 |
| 27 | 223 |
| 171 | 6J6 |

### Bright *v.* McCullough, Treasurer. &c., and Another.

HIGHWAYS.—SUPERVISORS.—TITLES OF LAWS.—The subject expressed in the title of the act of 1852, entitled "an act providing for the election or appointment of supervisors of highways, and prescribing certain of their duties, and those of county and township officers, in relation thereto," is highways, and not "the election and duties of supervisors," and therefore the 20th section of that act, which requires that the township trustee shall assess a road tax, &c., is not repugnant to section 19 of article 4 of the constitution, which ordains that "every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title."

SAME.—It is sufficient if the subject expressed in the title of an act is reasonably specific, or, in other words, if it indicates some particular branch of legislation as a head under which the particular provisions of the act might reasonably be looked for.

ASSESSMENT.—TAXATION.—Section 1 of article 10 of the constitution, which ordains that "the general assembly shall provide by law for a uniform and equal rate of assessment and taxation, and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal," &c., does not require that the rate of assessment shall be uniform and equal for all purposes throughout the State.

SAME.—Its meaning is that the rate of assessment and taxation shall be uniform and equal throughout the locality in which the tax is levied.

ROAD TAX.—A tax for road purposes assessed upon real estate only, is repugnant to said section 1 of article 10 of the constitution.

TAXES.—LICENSE.—Indirect taxes, imposed not merely for the purposes of revenue, but in restraint of a particular business or calling, or as a license on particular pursuits, or as mere police regulations, do not come within the spirit or meaning of said last named section.

APPEAL from the *Newton* Circuit Court.

ELLIOTT, J.—The trustees of *McClellan* township, in *Newton* county, with the concurrence of the county commissioners of said county, assessed a specific tax of one cent on each acre of taxable land in said township for road purposes, for the year 1863, which was placed on the tax duplicate of the county for the same year. *Bright,* the appellant, was the owner of over 7,500 acres of the taxable lands of the township so assessed. A similar tax had been

assessed for previous years, which remained unpaid on *Bright's* lands, and was transferred to the duplicate of 1863. The tax duplicate of said county for that year, containing these taxes, was placed in the hands of the defendant *McCullough,* then the treasurer of said county, for collection. *Bright* thereupon filed a complaint in the *Newton* Circuit Court for an injunction, alleging therein, among other things, that the assessment of said taxes was illegal and unjust, and that *McCullough,* as such treasurer, threatened to and would collect the same, unless restrained, and praying a perpetual injunction against the collection thereof. The complaint was sworn to, and an injunction bond was filed and approved. The Circuit Court sustained a demurrer to the complaint, and rendered final judgment against the plaintiff, to which he excepted. This ruling raises the question presented in the case.

The taxes complained of were assessed under the 20th section of the act entitled "an act providing for the election or appointment of supervisors of highways, and prescribing certain of their duties, and those of county and township officers, in relation thereto." Section 20 is as follows: "The township trustee, with the concurrence of the board of county commissioners, shall assess, annually, a road tax of not more than fifteen cents on the one hundred dollars, to be levied according to the amount of real and personal property owned in said township subject to taxation, and may assess a tax not to exceed one and one-fourth cents on each acre of taxable land for road purposes, to be collected as provided in the bill defining the duties of township trustee: *Provided, however,* that the tax so assessed on real estate may be worked out in the road district in which such real estate lies, and the tax assessed on personal property in the district where the owner resides, at the rate of one dollar per day. The supervisor shall obtain a list of all road tax assessed on each individual, and his certificate for the amount worked out shall be taken by the treasurer of the county in payment of the tax." 1 G. & H. 591.

It is not claimed by the appellant that the taxes complained of were not assessed in strict conformity with the statute. But it is insisted that so much of section 20 as authorizes the assessment of a specific tax is unconstitutional and void, and that these taxes, so assessed under that provision, are therefore illegal and without authority of law. It is claimed that this section is in violation of two provisions of the constitution, viz., section 19, article 4, providing that every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title, and section 1, article 10, providing that the general assembly shall provide by law for a uniform and equal rate of assessment and taxation, and shall prescribe such regulations as shall secure a just valuation for taxation of all property, both real and personal, &c.

The first question for our consideration, then, is this: Is the provision of section 20, authorizing the township trustee, with the concurrence of the county commissioners, to assess an annual road tax, embraced in, or properly connected with, the subject of the act, as expressed in the title? The solution of this question, in our judgment, depends upon what must be deemed to be the subject of the act, from the language of the title. If, as is contended by the appellees, the subject of the act expressed in the title is highways, the provisions of section 20 are most clearly properly connected with that subject. But, on the other hand, if the "election and duties of supervisors" is properly the subject expressed in the title, as claimed by the appellant, then, as supervisors neither assess nor collect the road tax, it is not easy to perceive what legitimate or proper connection could exist between the subject of the act and the assessment of the tax.

For convenience of analysis, we repeat the title: "An act providing for the election or appointment of supervisors of highways, and prescribing certain of their duties, and those of county and township officers, in relation thereto;" that is, in relation to "highways," for that is evidently the subject referred to. The title, then,

indicates that the act will provide for the election or appointment, and prescribe the duties of supervisors of highways, and also prescribe the duties of county and township officers in relation to highways; and as the levy and collection of a road tax are among the duties required of county and township officers, section 20 would seem to be clearly within the subject expressed in the title. Nor, in this view, does the title, in our opinion, express more than one subject. It is not very aptly worded, but the subject of legislation expressed by its language is "highways," limited, perhaps, by the particular specifications, to provisions for the election or appointment of supervisors, and their duties, and the duties of county and township officers, in relation to highways. Without any change of the sense, it might be read thus: An act concerning highways, providing for the election of supervisors thereof, and prescribing their duties, and the duties of county and township officers in relation thereto.

It was held, in the case of *The Indiana Central Railway Company* v. *Potts et al.*, 7 Ind. 681, that section 24 of this act, providing a penalty against any person who shall injure any dam, drain, embankment, &c., made for the protection of any highway or bridge, &c., was properly placed in the act. The question as to what the subject expressed in the title is, was not discussed in that case, but the decision can scarcely be maintained upon any other ground than that the subject expressed is "highways."

Questions as to the meaning and application of the constitutional provision referred to have often arisen, and have been the source of much perplexity, both in the legislature and in the courts. The constitution does not assume to divide the general scope of legislation, and classify the parts under particular heads or subjects, but, of necessity, has left that power to be exercised by the legislature, as it, in its wisdom and discretion, shall deem proper. The constitution assumes that different subjects of legislation do ex-

ist, and requires that each act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title. The purposes of the provision, in view of the evils intended to be guarded against, can only be effected by requiring that the subject expressed should be reasonably specific, or, in other words, should be such as to indicate some particular branch of legislation, as a head under which the particular provisions of the act might reasonably be looked for. With this restriction, the subject of an act may be enlarged or restricted at the will of the legislature, and the subject must be determined by reference to the language used in the title. It sometimes occurs that the draughtsman, intending to provide a title sufficiently comprehensive to cover various provisions, all, however, relating to a common subject, instead of selecting a subject which is sufficiently comprehensive to embrace all the provisions of the act, and expressing it in general terms, attempts to accomplish the desired object by stating in the title, in detail, the character or purpose of the various provisions of sections, thereby often limiting the subject expressed to the particular matters thus specified. But it should be borne in mind that the constitution only requires that a proper subject of legislation should be expressed in the title, and not the particular features or details of the law. If these relate to the subject expressed, it satisfies the constitutional provisions. The words, "an act concerning highways," would express but a single subject, and yet would constitute a comprehensive title, under which almost any desired provision relating to highways might be enacted, and every effort to express in the title the details of the act would only tend to limit the subject.

The objection urged that so much of the section of the act under consideration as authorizes the levy of a specific road tax on lands, of not exceeding a cent and a quarter per acre, under which these taxes were levied, is obnoxious to the first section of the tenth article of the constitution, and

is therefore void, is one of much delicacy and importance. That section of the constitution provides, that "The general assembly shall provide by law for a uniform and equal rate of assessment and taxation, and shall prescribe such regulations as shall secure a just valuation of all property, both real and personal," &c. It is insisted by the appellant's counsel, that under this section all taxes, either for state, county, township, or road purposes, must be *ad valorem*, and not specific; that they must be levied of a given per cent. on the appraised value of the property subject to taxation, and not as a specific tax on designated articles of personal property, or on real estate, at a fixed amount, without regard to value. The appellees admit this to be the rule as applied to taxes levied exclusively for state purposes, but deny that the constitutional provision under consideration applies to taxes levied for county, township or road purposes, and argue that such taxes may be specific. The question presented here, has never been decided by this court, though that section of the constitution has been incidentally referred to and commented upon in the decision of other questions involving constitutional construction.

In *Greencastle Township, &c.*, v. *Black*, 5 Ind. 557, the question involved was as to the power of the legislature to authorize the levy of local taxes for the support of schools, and depended upon the construction to be given to other and different provisions of the constitution. It was contended by counsel in that case, that if cities, towns and counties could assess taxes for local purposes, the same power necessarily belonged to incorporated townships. In commenting on this position, it was said by Hovey, J.: "We are not prepared to deny that the legislature might confer such power upon them for certain local purposes, but where the taxes when collected are to be used for state purposes, the constitution requires that," &c., and then quotes section 1, article 10, and adds: "The phraseology of this section shows that it was not intended to apply to local assessments. The words, 'uniform and

equal rate of assessment and taxation,' and 'all property, both real and personal,' clearly refer to general assessments, to be made for the state at large."

In *The Bank of the State* v. *The City of New Albany*, 11 Ind. 139, the question was whether a provision in the charter of a bank exempting its capital stock from taxation for municipal purposes, was constitutional. PERKINS, J., after referring to section 1, article 10, remarked: "It cannot refer to municipal taxation. It must have reference, mainly, to the general levy by the State. Taxes for corporation purposes cannot be equal. Taxes for township and county purposes cannot be equal. The latter, it is true, may be levied under general and uniform laws. The constitution declares that there shall be no local laws for the assessment and collection of taxes for state, county, township and road purposes. The mode of assessing and collecting may, but the rate cannot be the same, except in the assessment for state purposes. The wants of townships and counties require varied taxation.".

In the case of *Anderson* v. *The Kerns Draining Company*, 14 Ind. 199, in which the constitutionality of the draining act was controverted, it was held that the constitution did not prohibit local taxation for objects in themselves local; that the provisions of section 1, article 10, of the state constitution, require a general and uniform levy for state purposes, but that they do not forbid local taxation under general laws.

There is nothing in these cases decisive of the question under discussion here; nor, indeed, is there anything having any material bearing upon it, excepting the intimation in the first two causes cited, that section 1, article 10, of the constitution, does not relate to county and township taxes, which seems to have been made in view of the fact that the wants of counties and townships are different, and therefore require varied rates of taxation to supply them. But as we understand that section of the constitution, the facts referred to present no argument against its application to county and township taxes. The argument seems to be based on

the assumption that if the provisions of the section under consideration apply to taxes levied for county and township purposes, the levy thereof must be the same rate per cent. in all the counties and townships in the State. We do not so construe the section. The section does not require that the rate of assessment shall be uniform and equal for all purposes throughout the State; and we think its meaning clearly is, that the rate of assessment and taxation must be uniform and equal throughout the locality in which the tax is levied. If the levy is for state purposes, then the rate must be uniform and equal in all parts of the State; and if the levy be for county purposes, the rate must be uniform and equal throughout the county in which the levy is made; and so in townships, when the levy is for township or road purposes. It was simply intended that the uniformity and equality of rate should be co-extensive with the territory to which the tax applies. Taxes are public burdens, which should be borne by all, and it was evidently the object of the convention, in the adoption of this and other provisions of the constitution, to devise a system for the assessment and levy of taxes that would distribute these burdens, among those liable to them, upon principles of uniformity, equality and justice. To this end the primary principle adopted is that taxes shall be assessed on the property liable thereto, according to its just value, and by a uniform and equal rate. The convention must have known that much the larger portion of the aggregate would be required to answer the purposes of these local sub-divisions. Nor could they have overlooked the fact that it could only be levied as the general assembly should provide. We cannot suppose that the framers of the constitution, while thus carefully providing for a just, uniform and equal rate of taxation for the purpose of supplying the necessities of the state, intended to leave the larger burdens to be imposed by the legislature without any guard or restriction, and especially when the same provisions would apply with equal justice to all.

The constitution of *Ohio* contains a provision requiring that "laws shall be passed taxing, by uniform rule," all property, real and personal, &c., "according to its true value in money," &c. There is nothing in the provision applying it, in terms, to taxes levied for county, township, or municipal purposes. But the Supreme Court of that State, in *The City of Zanesville* v. *Richards, Auditor, &c.*, 5 Ohio St. 589, held that no tax, either for state, county, township or corporation purposes, could be levied without express authority of law, and that the section of the constitution to which we have referred is equally applicable to, and furnishes the governing principle for, all laws authorizing taxes to be levied for either purpose. RANNEY, C. J., who delivered the opinion of the court, said: "The public burdens are made to rest upon the property of the State, and whenever money is to be raised by taxation, the positive injunction is, that 'laws shall be passed taxing, by a uniform rule, all moneys, credits, investments in bonds, stocks, joint stock companies, or otherwise, and also all real and personal property, according to its true value in money.' Without express authority of law, no tax, either for state, county, township or corporation purposes, can be levied; and we see no reason to doubt that this section of the constitution is equally applicable to, and furnishes the governing principles for, all laws authorizing taxes to be levied for either purpose. The great object of the provision was to secure equality and uniformity in the imposition of these public burdens. The convention was very well aware that much the largest part would be required to answer the purposes of these local sub-divisions, and equally well that it could only be levied as the general assembly should provide. In establishing this principle of justice and equality, they have made it the fundamental rule upon which all such laws must be based; and its spirit and purpose can only be preserved by holding that it requires a uniform rate per cent. to be levied upon all property, according to its true value in money, within the limits

of the local subdivision for which the revenue is collected." And so, in *Exchange Bank of Columbus* v. *Hines*, 3 Ohio St. 1, BARTLEY, C. J., in commenting on the same section of the constitution, said: "Taxing is required to be 'by uniform rule;' that is, by one and the same unvarying standard. Taxing by uniform rule requires uniformity not only in the rate of taxation, but uniformity in the mode of assessment upon the taxable valuation. Uniformity in taxing implies equality in the burden of taxation, and this equality of burden cannot exist without uniformity in the mode of assessment, as well as in the rate of taxation. But this is not all. The uniformity must be co-extensive with the territory to which it applies. If a state tax, it must be uniform over all the state; if a county, town, or city tax, it must be uniform throughout the extent of the territory to which it is applicable."

The constitution of *Wisconsin* requires that "the rule of taxation shall be uniform," and it has been adjudged by the Supreme Court of that State, that the rule applics to all taxes, whether levied for state, county, town or city purposes. *Knowlton* v. *The Supervisors of Rock County*, 9 Wis. 410; *Weeks* v. *The City of Milwaukee*, 10 Wis. 242.

The power to levy and collect taxes is one of the highest attributes of sovereignty, and can only be exercised by the authority of the legislature, whether the tax levied be for state, county, or township purposes.

The constitutional provision under consideration is a restriction upon the otherwise discretionary powers of the legislature, and prescribes the rule for its goverment in authorizing the levy of taxes, and it must be governed by that rule, whether the levy be for the state at large or for a minor subdivision. Indirect taxes, imposed not merely for the purposes of revenue, but in restraint of a particular business or calling, or as a license on particular pursuits, or as a mere police regulation, do not come within the spirit or meaning of the provision of the constitution referred to.

A majority of the judges are clear in the opinion that so

much of section 20 of the act as authorizes the levy of a specific road tax on real estate is unconstitutional and void. (On this point, RAY, C. J., *dissents.*) The court below therefore erred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs, and the cause remanded, with instructions to the court below to overrule the demurrer, and for further proceedings.

*T. A. Hendricks, O. B. Hord* and *A. W. Hendricks,* for appellant.

*F. Rand* and *R. H. Hall,* for appellees.