HINES *v.* AYDELOTTE.

CONSTITUTIONAL LAW —The act of *March* 6, 1865, entitled "An act authorizing supervisors of roads to remove fences standing near public highways, on streams and water courses, and to turn public roads and highways on water courses to the rear of buildings, where such buildings stand too near the stream to give room for said roads or highways, and assess damages for losses occasioned thereby," is not repugnant to section 19 of article 4 of the constitution.

APPEAL from the *Floyd* Circuit Court.

GREGORY, C. J.—Suit by *Aydelotte* against *Hines*, to restrain the latter from proceeding, under the provisions of the act of *March* 6, 1865, to open and widen a public highway on the banks of the *Ohio* river.

The only question involved is the constitutionality of the act under which the appellant, as supervisor of roads, was acting. If the law is constitutional, the court below erred.

It is claimed that this law is repugnant to section 19, article 4 of the constitution, which ordains that "every act shall embrace but one subject, and matters properly connected therewith, which subject shall be expressed in the title." The title of the act is, "An act authorizing supervisors of roads to remove fences standing near public highways, on streams and water courses, and to turn public roads and highways on water courses to the rear of buildings, where such buildings stand too near the stream to give room for said roads or highways, and assess damages for losses occasioned thereby." The first section provides, " that when any public road or highway, running or passing along the bank of any stream or water course shall, by the falling or washing away of the bank of such stream or water course, become unsafe or inconvenient for use as a public highway, it shall be the duty of the supervisor of highways having such road in charge forthwith to give the owner or occupant of the land over which said road passes notice to remove his fence back from the bank of such stream or water course far enough to admit of the opening and construction of a road at least forty feet wide; and if the owner or occupant of such land should neglect to remove said fence, as required by such notice, it shall be the duty of such supervisor to call out the hands liable to work on roads in his road district, and forthwith remove such fence, doing to the owner or occupant no greater damage than is necessary for the removal of such fence." The second section provides, "that if any dwelling house or building should stand so near such stream or water course, that a sufficient space is not left for such road, then such supervisor may open said road in the rear of such dwelling house or other building." Acts 1865, p. 52. The appellant was proceeding under the provisions of the first section.

The subject of the act is the " change of the location of highways on streams and water courses." It is urged that the words " to remove fences standing near public highways on streams and water courses" do not express the

change of the location of roads. But the title, as a whole, clearly means, in both cases, a change of the location of the road. The form of expression adopted was to prevent tautology. The words in the latter part of the title, "where such buildings stand too near the stream to give room for said roads or highways," explain the legislative meaning of the words used in the former part. No one could be misled by this title. There could be, in the nature of things, but one purpose in the removal of fences by supervisors of roads. This subject underwent careful examination by this court in *Bright* v. *McCullough, Treasurer, &c., et al.,* 27 Ind. 223; and the reasoning in that case applies with great force to the one at bar.

A majority of the court are of opinion that the law in question is constitutional, and that the court erred in sustaining the demurrer of the appellee to the second paragraph of the answer of the appellant.

The judgment is reversed, with costs, and the case remanded, with directions to overrule the demurrer to the second paragraph of the answer, and for further proceedings.

FRAZER, J.—I cannot agree with the majority of the court. I agree that the subject of the act is the change of the location of highways on water courses, when by reason of the falling of the banks it is necessary for safety and convenience, but I do not agree that so broad a subject is expressed in the title. The removal of fences is but the incident of the removal of the highway, and to maintain the first section of the act it is necessary to hold that the subject embraced in that section, viz., the removal of highways not to the rear of buildings, is expressed by the language of the title indicating the purpose of the act to be the removal of fences. I cannot agree to this. It is putting the incident for the principal thing or subject, and in my opinion establishes a doctrine which, if generally applied, will render the nineteenth section of the fourth article of the constitution utterly inefficient for the accomplishment of some of the

beneficial purposes intended to be attained by it. I fear we shall again have nearly all the vices of legislation growing out of delusive titles to acts, and I am unwilling to open that avenue of evil.

*T. L. Smith, M. C. Kerr* and *J. A. Ghormley,* for appellant.

*J. H. Stotsenburg* and *T. M. Brown,* for appellee.