INDIANA STATE BOARD OF TAX COMMISSIONERS v. LYON AND GREENLEAF CO., INC.

[No. 3-1074A168. Filed February 22, 1977. Rehearing denied April 14, 1977. Transfer denied July 7, 1977.]

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III, Jack R. O'Bryan,* Deputies Attorney General, for appellant.

*William E. Harris, Arthur G. Surguine, Torborg, Miller, Moss, Harris and Sowers,* of Fort Wayne, *Paul N. Rowe, J. B. King, Charles E. Schalliol,* for Amicus Curiae, *Baker & Daniels,* of counsel, of Indianapolis, for Amicus Curiae.

HOFFMAN, J.—Appellant Indiana State Board of Tax Commissioners (Board) appeals from the judgment of the Noble Circuit Court finding that the Board improperly assessed the property of appellee Lyon and Greenleaf Co., Inc.

On appeal appellant contends that the trial court erred in finding that the assessment by the Board constituted an unreasonable classification in violation of Article 10, § 1, of the Constitution of Indiana and in finding that the Board's assessment was arbitrary and capricious.

The record discloses that appellee filed its 1969 personal property tax return in Perry Township, Noble County, Indiana, showing a total assessed value of business personal property of $66,280. A subsequent audit of appellee's tax return resulted in a recommendation to the Board that the assessed valuation of appellee's business personal property be increased to $217,340. Such recommendation was followed

by the Board in its "Notice of Assessment" and appellee thereafter appealed[1] to the Noble Circuit Court.

Appellee is a federally licensed warehouse which stored raw wheat belonging to farmers, other grain elevators, and itself. Such wheat was held in common storage facilities so as to be indistinguishable from any other raw wheat, and none of the wheat so stored had been milled or processed.

A farmer or other person who had raw wheat stored with appellee could claim all or part of such wheat by presenting the warehouse receipt received at the time of initial storage of the wheat.

Appellee based the assessment of its wheat on a "true cash value" of 60¢ per bushel. Such value was obtained from Bulletin No. 9 issued by the Board and entitled "Assessment of Farm Livestock and Commodities for the Year 1969."

The Board, on the other hand, based its assessment upon Part V of Regulation No. 16. Bulletin No. 9 had provided that "[a]ll livestock, grain or other farm commodities, held, possessed or controlled by a dealer or manufacturer shall be assessed as inventory pursuant to Part V of Amended Regulation No. 16." Section 5.2 of Regulation No. 16 provided that "inventory shall be valued at actual cost or current replacement cost, whichever is lower."

The trial court found that the effect of using Part V of Regulation No. 16 for the assessment of raw wheat belonging to appellee and Bulletin No. 9 for the assessment of raw wheat belonging to farmers was to assess identical, commingled raw wheat held in the same storage facility at a different rate determined by who owned the particular raw wheat.

The trial court then concluded that the administrative standard resulted in values for commingled raw wheat that

1. IC 1971, 6-1-31-4 (Burns Code Ed.), was repealed by Acts 1975, P.L. 47, § 4. For present law see IC 1971, 6-1.1-15-5 (Burns Code Ed.).

differed solely on the basis of ownership, that such constituted an unreasonable classification in violation of Article 10, § 1, of the Constitution of Indiana, and that the administrative standard was "arbitrary, capricious, unlawful and unconstitutional."

Before turning to a discussion of the merits, it is necessary to dispose of a contention by appellee that the issues to be discussed have been waived by the Board. Appellee contends that appellant has waived all asserted errors by failing to specifically set forth in its brief with the respective arguments the applicable errors assigned in its motion to correct errors. However, several specifications of error are grouped and the issues raised by such errors are sufficiently articulated. Moreover, each section of appellant's argument is prefaced with a statement making numerical reference to which specifications of error from the motion to correct errors relate to each section of argument. Where there has been substantial compliance with the rules, a failure to include all that is technically required will not result in a waiver. *Yerkes* v. *Washington Manufacturing Co., Inc.* (1975), 163 Ind. App. 692, 326 N.E.2d 629.

For purposes of this appeal, the issues will be combined and discussed together.

Appellant contends that the trial court erred in finding that the Board improperly assessed appellee's property. Appellant contends that Article 10, § 1, of the Constitution of Indiana permits classification of taxpayers. It further contends that a uniform basis of assessment, actual cost, was used for all wheat, and that the difference in value results from a difference in cost to the respective owner.

Article 10, § 1, of the Constitution of Indiana provides, in pertinent part, as follows:

"The General Assembly shall provide, by law, for a uniform and equal rate of property assessment and taxation and shall prescribe regulations to secure a just valuation for taxation of all property, both real and personal. * * *."

This provision requires: (1) uniformity and equality in assessment; (2) uniformity and equality as to rate of taxation; and (3) a just valuation for taxation of all property. *Wright* v. *Steers, Atty. General, et al.* (1962), 242 Ind. 582, 179 N.E.2d 721; *Finney, Assessor, et al.* v. *Johnson et ux.* (1962), 242 Ind. 465, 179 N.E.2d 718; *Fesler, Auditor* v. *Bosson* (1920), 189 Ind. 484, 128 N.E. 145.

Each of these propositions are interdependent and mandatory and form the constitutional basis of a valid tax law. *Fesler, Auditor* v. *Bosson, supra.*

There is uniformity and equality of assessment and taxation when all the property is to be assessed at its true cash value, and the same rate is fixed on all the property subject to assessment for the tax. *Cleveland, Cincinnati, Chicago & St. Louis R.W. Co.* v. *Backus, Treasurer* (1893), 133 Ind. 513, 33 N.E. 421, 18 L.R.A. 729, *aff'd,* 154 U.S. 439, 14 S.Ct. 1122, 38 L.E. 1041 (1894).

The provision that the General Assembly "shall prescribe regulations to secure a just valuation" permits the Legislature to prescribe the mode by which the valuation of all property shall be ascertained limited only by the obligation to provide such regulations as shall secure a just valuation. *Cleveland, Cincinnati, Chicago & St. Louis R.W. Co.* v. *Backus, Treasurer, supra.*

The purpose of these constitutional requirements is to distribute the burden of taxation upon principles of uniformity, equality, and justice. *Finney, Assessor, et al.* v. *Johnson, et ux., supra; Bright* v. *McCullough, Treasurer etc. and Another* (1866), 27 Ind. 223.

In support of its contention that Article 10, § 1, *supra,* permits reasonable classification of taxpayers, the Board cites *Welsh, Governor et al.* v. *Sells et al.* (1963), 244 Ind. 423, 192 N.E.2d 753, and *Miles* v. *Dept. of Treasury* (1935), 209 Ind. 172, 199 N.E. 372, 101 A.L.R. 1359, *appeal dismissed* (1936),

298 U.S. 640, 56 S.Ct. 750, 80 L.Ed. 1372. However, both of these decisions involve an excise tax rather than an *ad valorem* property tax and are therefore not pertinent to the issue under consideration.

However our own research discloses that our Supreme Court recognizes the necessity perceived by the Legislature to adopt different methods for assessment of different classes of property in order to achieve a just and uniform valuation. *See, Clark* v. *Vandalia R.Co.* (1909), 172 Ind. 409, 86 N.E. 851 (method of assessing railroad property permitted in order to secure a fair valuation of the whole property and an equitable distribution among the counties affected). *See also, Smith* v. *Stephens* (1910), 173 Ind. 564, 91 N.E. 167 (assessment of banks) ; *Board, etc.* v. *Johnson* (1909), 173 Ind. 76, 89 N.E. 590 (classification of banks permitted where practical effect is to place the classes on the same footing in taxing result) ; *State, ex rel.* v. *Smith* (1902), 158 Ind. 543, 63 N.E. 25, 64 N.E. 18, 63 L.R.A. 116 (statute permitting mortgage deduction on real estate).

However, the classification is only permissible to achieve uniformity and equality in result.

Moreover, the classification must not be arbitrary. Rather it must be based upon differences naturally inhering in the subject-matter of the legislation. *State ex rel.* v. *Smith, supra,* (1902), 158 Ind. 543, 580, 64 N.E. 18, 20.

The Board has not attempted to show that its method of classification and valuation is required to achieve a just valuation upon all property, but only argues that its basis of valuation was uniform. It asserts that actual cost was used as the basis of assessment for all wheat and that the difference in value results from a difference in cost to the respective owner. The Constitution of Indiana does not require a uniform method of valuation, but rather such regulations as shall secure a just valuation for taxation of *all* property. *The Louisville and N.A.R.R. Co.* v. *The State ex rel. McCarty,*

*Auditor, etc.* (1865), 25 Ind. 177. While it is true that the relevant statutes[2] recognize cost as a factor to consider in arriving at a just valuation, such factor is not a sufficient condition to satisfy the constitutional requirements. Thus, a method of cost valuation which does not move towards the goal of securing a just valuation of all property on the principles of uniformity and equality cannot withstand constitutional attack.

In the case at bar, the Board attempted to satisfy the constitutional requirements by adopting Regulation No. 16. Section 6.1 of such regulation recognized that certain types of tangible personal property, *e.g.*, agricultural commodities, have a readily ascertainable value and permitted the Board to determine the "true cash value" of such property and to publish annual lists of the appropriate unit valuations for tax purposes. Bulletin No. 9 listed such valuations for the year 1969, and wheat was valued at 60¢ per bushel.

However, Bulletin No. 9 required a dealer or manufacturer to value its wheat as inventory pursuant to Part V of Amended Regulation No. 16.

The requirement resulted in the anomalous situation in which appellee was assessed at a higher rate than the farmers whose wheat it stored, and which wheat was physically indistinguishable and commingled in common storage bins with its own.

The result of Bulletin No. 9 is to place an artificial distinction upon the value of fungible raw wheat. The method does not result in uniformity and equality in assessment nor in a just valuation for all property. The resulting inequities of a system which places differing values on a fungible commodity commingled in the same storage facilities are too great to warrant a valuation under such method. Uniformity and equality in tax burden do not

2.  IC 1971, 6-1-33-4 (Burns Code Ed.).

occur unless identical property is assessed at the same tax value.

Having found no reversible error, the judgment of the trial court must be affirmed.

Judgment affirmed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 359 N.E.2d 931.