Michael **GRIFFIN** and Lake County, a political subdivision of the State of Indiana, Petitioners,

v.

**DEPARTMENT OF LOCAL GOVERNMENT FINANCE,**[1] **Respondent.**

No. 49T10–0009–TA–98.

Tax Court of Indiana.

April 3, 2002.

1. The State Board of Tax Commissioners (State Board) was originally the Respondent in this appeal. However, as of December 31, 2001, the legislature abolished the State Board. P.L. 198–2001, § 119(b)(2). Effective January 1, 2002, the legislature created the Department of Local Government Finance (DLGF), IND.CODE § 6–1.1–30–1.1 (West Supp. 2001)(eff. 1–1–02); P.L. 198–2001, § 66, and the Indiana Board of Tax Review (Indiana Board). IND.CODE § 6–1.5–1–3 (West Supp. 2001)(eff. 1–1–02); P.L. 198–2001, § 95. Pursuant to Indiana Code § 6–1.5–5–8, the DLGF is substituted for the State Board in appeals from final determinations of the State Board that were issued before January 1, 2002. IND.CODE § 6–1.5–5–8 (West Supp. 2001)(eff. 1–1–02); P.L. 198–2001, § 95. Moreover, the law in effect prior to January 1, 2002 applies to these appeals. IND.CODE § 6–1.5–5–8 (West Supp.2001)(eff. 1–1–02); P.L. 198–2001, §§ 95, 117. Although the DLGF has been substituted as the Respondent, this Court will still reference the State Board throughout this opinion.

Gerald M. Bishop, John S. Dull, Edward R. Hall, Merrillville, IN, for Petitioners.

Steve Carter, Attorney General of Indiana, Frances Barrow, Deputy Attorney General, Indianapolis, IN, for Respondent.

FISHER, J.

Michael Griffin appeals the final determination of the State Board of Tax Commissioners (State Board) denying his refund claim for real property taxes paid toward the Hospital Care for the Indigent (HCI) property tax levy for the 1996, 1997, and 1998 tax years. Griffin raises several issues in his motion for partial summary judgment; however, the Court finds that the relevant issues are:

I.  Whether the HCI property tax levy is a state tax;

II.  Whether the HCI tax, as a state tax, exceeds the one cent ($0.01) of $100 assessed value tax rate allowed under Indiana Code § 6–1.1–18–2; and

III.  Whether the HCI tax rate violates Article 10, Section 1 of the Indiana Constitution because it results in nonuniform and unequal taxation of substantially similar property.[2]

For the reasons stated below, the Court GRANTS Griffin's motion for partial summary judgment and DENIES the State Board's cross motion for summary judgment.[3]

## FACTS AND PROCEDURAL HISTORY

Griffin is a Lake County resident and real property owner.[4] From 1996 to 1998, the Lake County HCI property tax levy ranged from $0.4824 to $0.5024 cents per $100 of assessed value.[5] On January 12, 2000, Griffin filed two Forms 17T with the Lake County auditor seeking a refund for the 1996, 1997, and 1998 tax years. Griffin claimed that he was entitled to a refund of the HCI tax because it was illegal. Specifically, Griffin argued that the HCI property tax levy was a state tax, that it violated Article 10, Section 1 of the Indiana Constitution,[6] and that it surpassed the maximum state tax rate allowed by Indiana Code § 6–1.1–18–2.[7]

Pursuant to Indiana Code § 6–1.1–26–2, the auditor forwarded Griffin's refund claims to the State Board for review. The State Board held a hearing, and on July 31, 2000, it issued its final determination,

2.  Griffin also argued that the HCI property tax levy violates Article 1, § 23 of the Indiana Constitution and the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution. (Pet'r Partial Summ. J. Br. at 2.) Because this Court finds that the HCI property tax levy violates Article 10, § 1 of the Indiana Constitution, the Court need not address these other issues. See infra.

3.  The State Board responded to Griffin's summary judgment motion and moved for summary judgment in its favor on the same issues raised in Griffin's motion.

4.  Griffin also serves as Clerk Treasurer of the town of Highland in Lake County. However, he moves for partial summary judgment on his own behalf to challenge the HCI taxes assessed against his real property.

5.  See Indiana Code § 12–16–14–3 and n. 10 infra for an explanation of the formula each

county must apply in order to impose the HCI property tax levy.

6.  Article 10, § 1 of the Indiana Constitution—the Property Taxation Clause—provides:

The General Assembly shall provide, by law, for a uniform and equal rate of property assessment and taxation and shall prescribe regulations to secure a just valuation for taxation of all property, both real and personal.

IND. CONST. art. 10, § 1(a). This constitutional provision is also codified at Indiana Code § 6–1.1–2–2 ("All tangible property which is subject to assessment shall be assessed on a just valuation basis and in a uniform and equal manner.").

7.  Under Indiana Code § 6–1.1–18–2, the State may not impose a tax on tangible property in excess of one cent ($0.01) per each $100 of assessed valuation. IND.CODE § 6–1.1–18–2.

denying Griffin's claim for refund. The State Board concluded that it had no authority to determine the constitutionality of the HCI statute. The State Board also concluded that the HCI tax was not a state tax. The State Board concluded that even if it was a state tax, it did not violate the statutory state tax limits. The State Board reasoned that because the statute establishing the formula for the HCI tax was enacted subsequent to and was more specific than the state tax rate statute (Indiana Code § 6–1.1–18–2), the HCI statute repealed any inconsistent provisions in the state tax limit statute.

Griffin filed this original tax appeal on August 25, 2000.[8] Griffin then filed a motion for partial summary judgment. The State Board filed its response opposing the summary judgment motion and made a cross motion for summary judgment in its favor. The Court heard oral arguments. Additional facts will be supplied as needed.

## ANALYSIS AND OPINION

### Standard of Review

■ The Court gives great deference to the State Board's final determinations when the State Board acts within the scope of its authority. *Wetzel Enters., Inc. v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1259, 1261 (Ind. Tax Ct.1998). Accordingly, this Court reverses final determinations of the State Board only when those decisions are unsupported by substantial evidence, are arbitrary or capricious, constitute an abuse of discretion, or exceed statutory authority. *Id.* The tax-

payer bears the burden of demonstrating the invalidity of the State Board's final determination. *Clark v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1230, 1233 (Ind. Tax Ct.1998). Summary judgment is proper only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See* Ind. Trial Rule 56(C). *See also W.H. Paige & Co. v. State Bd. of Tax Comm'rs*, 732 N.E.2d 269, 270 (Ind. Tax Ct.2000). Cross motions for summary judgment do not alter this standard. *W.H. Paige*, 732 N.E.2d at 270.

### Discussion

Griffin argues that the HCI property tax levy is illegal because it is a state tax, and as such, it violates Article 10, Section 1 of the Indiana Constitution and exceeds the once cent ($0.01) per $100 assessed value tax rate allowed under Indiana Code § 6–1.1–18–2. Because a review of the HCI program will assist with a decision of the ultimate issue in this case, the Court will first review the HCI program and property tax levy. The issues of whether the HCI tax is a state tax, whether Indiana Code § 6–1.1–18–2 applies, and whether it violates Article 10, Section 1 of the Indiana Constitution will be then be addressed in turn.

### HCI Program

The HCI program, first enacted in 1986 and later recodified in 1992, was enacted to provide cost-free emergency medical care to indigent patients who did not qualify for

8. In addition to this original tax appeal seeking a refund of the HCI tax (refund appeal), Griffin also filed an original tax appeal from his remonstration of the Lake County budget (budget appeal). After Griffin remonstrated against the imposition of the HCI tax in the 2000/2001 budget hearings, Griffin, among other petitioners, filed an original tax appeal and a motion for preliminary injunction to enjoin the State from collecting the HCI tax in excess of the maximum state tax rate contained in Indiana Code § 6–1.1–18–2. This budget appeal, filed February 23, 2000, and docketed as 49T10–0002–TA–27, was consolidated into this refund appeal. Griffin's motion for partial summary judgment, however, pertains only to his refund appeal. (Pet'r Partial Summ. J. Br. at 3 n. 4.)

Medicaid. *State Bd. of Tax Comm'rs v. Montgomery*, 730 N.E.2d 680, 681 (Ind. 2000). The HCI program is currently funded by a tax levy on property located in each county and by distributions from the financial institutions tax, motor vehicle excise taxes, and commercial vehicle excise taxes.[9] IND.CODE § 12–16–14–1 (West Supp.2001);[10] *see also Lake County Council v. State Bd. of Tax Comm'rs*, 706 N.E.2d 270, 273 (Ind. Tax Ct.1999), *rev'd on other grounds by* 730 N.E.2d 680 (Ind. 2000) (citing IND.CODE § 12–16–14–1 (1998)).

The fiscal body of each county annually imposes the property tax component of the HCI program and collects it like other state and county ad valorem property taxes. IND.CODE § 12–16–14–2. Although the county imposes this tax levy, it has no discretion to fix the rate of tax because the legislature, through a statutory formula, has mandated the rate. IND.CODE § 12–16–14–3. That formula requires each county to impose an HCI property tax levy equal to the product of:

> (1) the [HCI] property tax levy imposed for taxes first due and payable in the preceding year; multiplied by

> (2) the statewide average assessed value growth quotient, using all the county assessed value growth quotients determined under IC 6–1.1–18.5–2 for the year in which the tax levy under this section will be first due and payable.

IND.CODE § 12–16–14–3.[11] The HCI property tax rate, however, is not uniform across the state but varies from county to county. *Lake County Council*, 706 N.E.2d at 273. Indiana's ninety-two counties have seventy-two different tax rates. (Pet'r Partial Summ. J. Br. at 6; State Bd. Tr. at 855.) Furthermore, a county's HCI property tax rate is not tied to the amount of the state HCI fund spent in the particular county. *Id.*

The State Board reviews each county's property tax levy and enforces the requirements of the HCI property tax levy. IND. CODE § 12–16–14–4. Any money collected from a county's HCI property tax levy is deposited into a county HCI fund. IND. CODE § 12–16–14–5. Each month, all the money from the county HCI fund is then transferred to the state HCI fund. IND. CODE § 12–16–14–6(b). The State, which

---

**9.** While the financial institutions tax, motor vehicle excise tax, and commercial vehicle excise tax are listed taxes, *see* Indiana Code § 6–8.1–1–1, the HCI property tax is not a listed tax. *Montgomery v. State Bd. of Tax Comm'rs*, 708 N.E.2d 936, 940 n. 5 (Ind. Tax Ct.1999) *rev'd on other grounds by* 730 N.E.2d 680 (Ind.2000). In this case, Griffin is only challenging the property tax component of the HCI program.

**10.** Effective January 1, 2000, the commercial vehicle excise taxes were added as an additional funding source for the HCI tax. *See* IND.CODE § 12–16–14–1(2) (West Supp.2001).

**11.** This statutory formula, although recodified, has remained in place since 1989. *Lake County Council v. State Bd. of Tax Comm'rs*, 706 N.E.2d 270, 273 n. 2 (Ind. Tax Ct.1999), *rev'd on other grounds by* 730 N.E.2d 680

(Ind.2000). When the State gained responsibility of the HCI program in 1987, the HCI property tax levy was initially calculated by using a formula that took into account actual HCI expenditures in each county from 1984 to 1986 (prior to 1987, county departments of public welfare were responsible for indigent health costs). *Id.* (citing IND.CODE § 12–5–6–6 (1982) (repealed 1992)); *see also Montgomery*, 730 N.E.2d at 681.

The Court notes that effective July 1, 2002, the HCI property tax levy formula will be modified. IND.CODE § 12–16–14–3 (West Supp.2001). For the initial levy after July 1, 2002, Lake County, will impose a levy equal to the HCI property tax levy for taxes first due and payable in the 2002 calendar year *minus $4,000,000* multiplied by the statewide average assessed value growth quotient. IND.CODE § 12–16–14–3.4(1) (West Supp.2001) (emphasis added).

administers the HCI program, reimburses providers of emergency medical care to the indigent for their expenses from the state HCI fund. IND.CODE § 12–16–14–8.

In 1993, the legislature changed the HCI program to allow $35,000,000 of the state HCI fund to be used to procure federal Medicaid matching funds, or "special Medicaid revenue." P.L. 277–1993, § 8, 1993 Ind. Acts 4642–43; *see also* P.L. 277–1993, § 82, 1993 Ind. Acts 4783. This money was appropriated before any payments to providers were made from the state HCI fund. P.L. 277–1993, § 8, 1993 Ind. Acts 4642. After the State received the federal Medicaid matching funds, the budget director had to return any funds received in excess of $45,000,000 (up to a maximum of $18,000,000) to the state HCI fund. *Id.* The State then used this money to pay HCI providers under Indiana Code § 12–16–7–4.[12]

### State Tax

Griffin argues that the HCI property tax levy is illegal because it is a state tax that is not uniform and equal. To support his argument that the HCI tax is a state tax, Griffin relies on this Court's opinion in *Lake County Council.* (Pet'r Partial Summ. J. Br. at 10–11.) In *Lake County Council,* this Court found that the HCI property tax was a state tax rather than a local tax because: (1) the State, through the enactment of the HCI program, statu- torily mandates that the county fiscal bodies impose the HCI property tax levy at a formulary rate set by statute; (2) the amount of tax collected in a particular county is not a function of the actual indigent health care expenses in that county; (3) the monies generated by the HCI tax are forwarded to the State; and (4) those state HCI monies are used to defray the expenses and obligations of the State. *Lake County Council,* 706 N.E.2d at 277 & n. 13 (citations omitted). To further support his argument that the HCI is a state tax, Griffin points out that the State uses the HCI tax to leverage federal Medicaid funding and that State agencies administer Medicaid, which would not be possible if the HCI tax were a county tax. (Pet'r Partial Summ. J. Br. at 11.)

The State Board, on the other hand, argues that the HCI property tax is not a state tax because the legislature refers to the HCI fund in Indiana Code § 6–1.1–18–3, which establishes the maximum tax rate for political subdivisions. (Resp't Summ. J. Br. at 34) (citing IND.CODE § 6–1.1–18–3(b)(7).)[13] The State Board also points out that the Supreme Court in *Montgomery* referred to this political subdivision statute when discussing the HCI property tax. (Resp't Summ. J. Br. at 34 (citing *Montgomery,* 730 N.E.2d at 681).)

■ This Court must reject the State Board's argument that the HCI tax is a

---

12. In 1995 and 1998, the legislature made additional changes to the HCI program and how the Medicaid matching funds and exchange would occur, which are not relevant to this case. *See* P.L. 156–1995, § 1, 1995 Ind. Acts 3120; P.L. 340–1995 § 8, 1995 Ind. Acts 4390; P.L. 126–1998 § 5, 1998 Ind. Acts 1508.

13. During the tax years at issue, Indiana Code § 6–1.1–18–3 provided in relevant part:

. . . .

(b) The proper officers of a political subdivision shall fix tax rates which are sufficient to provide funds for the purposes itemized in this subsection. The portion of a tax rate fixed by a political subdivision shall not be considered in computing the tax rate limits prescribed in subsection (a) if that portion is to be used for one (1) of the following purposes:

. . . .

(7) To meet the requirements of the county hospital care for the indigent fund.

IND.CODE § 6–1.1–18–3 (West 2000, repealed 3–1–01).

local tax because the legislature made mention to it under section (b)(7) of the statute setting the maximum tax rates for political subdivisions. The nature of a tax "must be determined by its operation and incidence, rather than by its title or designation made by the legislature. In other words, the legislature may not change a factual situation by giving it a different name or designation." *Wright v. Steers,* 242 Ind. 582, 179 N.E.2d 721, 723 (1962), *reh'g denied.* Therefore, the legislature's mere reference to the HCI tax under the local tax limit statute does not transform it into a local tax.

As this Court found in *Lake County Council,* the nature of the HCI property tax reveals that it is a state tax. The legislature has mandated by statute that the county impose and collect the HCI tax and has formulated how much the county needs to collect. IND.CODE § 12–16–14–3. Each month, the county is required to remit these HCI taxes to the State, which puts these monies into the State HCI fund. IND.CODE § 12–16–14–6(b). The State disburses the HCI tax monies to pay for the State's expenses and obligations. IND. CODE § 12–16–14–8. Furthermore, the State uses the HCI tax to leverage federal Medicaid dollars to defray its State health care obligations. The nature of the HCI tax shows that it is a state tax rather than a local tax.

Moreover, the Supreme Court's reference in *Montgomery* to the HCI tax as excluded from a political subdivision's maximum tax rate does not dissuade this Court from finding that the HCI tax is a state tax. In *Montgomery,* the Supreme Court briefly summarized aspects of the HCI program. *See Montgomery,* 730 N.E.2d at 681. However, the Court did not analyze whether the HCI tax was a state tax and did not look at the nature of the tax. Because the nature of the HCI

tax reveals that it is used for state obligations, this Court finds that it is a state tax.

### State Tax Rate Limit Statute

■ The Court finds that Griffin's argument that the HCI tax, as a state tax, exceeds the one cent per $100 assessed value tax rate allowed under Indiana Code § 6–1.1–18–2 is without merit. Rules of statutory construction state that if two statutes are inconsistent in any of their provisions, then the more recent statute will control and operate to repeal the former to the extent of the inconsistency. *Componx, Inc. v. Indiana State Bd. of Tax Comm'rs,* 741 N.E.2d 442, 446 (Ind. Tax Ct.2000). Moreover, where provisions of a statute conflict, the specific provision takes priority over the general provision. *Id.* As the State Board correctly found, the HCI statute establishing the formula for the HCI tax was enacted subsequent to and is more specific than the state tax rate limit statute (Indiana Code § 6–1.1–18–2). Thus, the HCI statute by implication repeals any inconsistent limitation provision of the state tax rate limit statute. *See Componx,* 741 N.E.2d at 446 (regarding rules of statutory construction). Accordingly, this Court will proceed to the issue of whether the HCI tax is constitutional.

### Article 10, Section 1—The Property Taxation Clause

Griffin argues that the HCI tax violates Article 10, Section 1 of the Indiana Constitution because the HCI rates of taxation are not applied uniformly and equally across the state. (Pet'r Partial Summ. J. Br. at 12–19.) The State Board argues that the HCI tax does not violate the state constitution because the rate of taxation does not need to be uniform throughout the state and because the HCI tax is a welfare tax, and as such, the constitutional

restraints of uniformity and equality do not apply. (Resp't Summ. J. Br. at 17–20.)

■ The standard of review for alleged violations of the Indiana Constitution is well established. *State Bd. of Tax Comm'rs v. Town of St. John*, 702 N.E.2d 1034, 1037 (Ind.1998) (*St. John V*). Every statute comes before the Court clothed with the presumption of constitutionality until clearly overcome by a contrary showing. *Id.* The party challenging the constitutionality of the statute bears the burden of proof, and all doubts are resolved against that party. *Id.*

■ This Court rejects the State Board's argument that the Indiana Constitution does not require a uniform and equal rate of taxation. Article 10, Section 1 of the Indiana Constitution plainly requires: "(1) uniformity and equality in assessment; (2) uniformity and equality as to *rate of taxation;* and (3) a just valuation for taxation of all property." *State Bd. of Tax Comm'rs v. Pioneer Hi–Bred Int'l, Inc.*, 477 N.E.2d 939, 942 (Ind.Ct.App. 1985), *trans. denied* (quoting *State Bd. of Tax Comm'rs v. Lyon & Greenleaf Co., Inc.*, 172 Ind.App. 272, 359 N.E.2d 931 (1977)) (emphasis added); *see also Boehm v. Town of St. John*, 675 N.E.2d 318, 326 (Ind.1996) (*St. John II*); *Indianapolis Historic Partners v. State Bd. of Tax Comm'rs*, 694 N.E.2d 1224, 1228 (Ind. Tax Ct.1998). The purpose of these constitutional requirements is to distribute the burden of taxation upon the principles of uniformity, equality, and justice. *Board of Comm'rs of Johnson County v. Johnson*, 173 Ind. 76, 89 N.E. 590, 595 (1909); *Indianapolis Historic Partners*, 694 N.E.2d at 1228; *Lyon*, 359 N.E.2d at 934.

■ The limitation upon the legislature that taxation be equal can be satisfied "when there is no discrimination as between taxpayers." *State ex rel. Lewis v.*

*Smith*, 158 Ind. 543, 63 N.E. 25, 27 (1902), *reh'g denied.* This includes the requirement that "assessments be consistent with similar property of the same classification." *Harrington v. State Bd. of Tax Comm'rs*, 525 N.E.2d 360, 361 (Ind. Tax Ct.1988) (citing IND. CONST., Art. 10, § 1); *see also GTE North Inc. v. State Bd. of Tax Comm'rs*, 634 N.E.2d 882, 886 (Ind. Tax Ct.1994). "[W]hen, for any reason, [taxation] becomes discriminative between individuals of the class taxed, and selects some for an exceptional burden, the tax is deprived of the necessary element of legal equality, and becomes inadmissible." *Smith*, 63 N.E. at 27 (quoting *Cooley, Tax'n*, 169). Thus, if the legislature creates a classification within a statute, that classification must not be arbitrary. *Lyon*, 359 N.E.2d at 934. Instead, the classification itself must be based upon reasons naturally inhering in the property or subject-matter of the legislation, so as to produce no distinction between members of the same class. *See St. John V*, 702 N.E.2d at 1042; *Johnson*, 89 N.E. at 593 (citations omitted); *Lyon*, 359 N.E.2d at 934 (citing *State ex rel. Lewis v. Smith*, 158 Ind. 543, 64 N.E. 18, 20 (1902)).

■ Article 10, Section 1 of the Indiana Constitution requires that if a property tax levy is used for state purposes, then the rate should be uniform and equal in all parts of the state. *Bright v. McCullough*, 27 Ind. 223, 1866 WL 2548, *4 (Ind.1866). Griffin has shown that the HCI property tax levy, which has a statewide application and is used for state purposes, does not have a uniform and equal rate across the state. As part of his summary judgment motion, Griffin introduced exhibits to demonstrate that his HCI tax rate was not equal and uniform with other similarly situated properties. (Ex. M.) Specifically, Griffin introduced evidence that showed that in 1997, his Lake County

property had an assessed value of approximately $25,000 and that he paid $166 in HCI tax. (Trial Tr. at 21–22; Ex. M.) However, if he had the same $25,000 assessed value property in a different county, such as Johnson County, he would have paid $0.08 in HCI tax. (Trial Tr. at 22; Ex. M.) If he had the same $25,000 assessed value property in the adjacent Porter County, he would have paid $17.62 in HCI taxes. (Trial Tr. at 22; Ex. M.)

Because the HCI property tax levy is based on an extrapolation of historical HCI costs in each particular county, disparity exists among the HCI property tax rates of Indiana's ninety-two counties. The effect this disparity has on Griffin and other Lake County taxpayers is demonstrated by the fact that in 1997, Lake County taxpayers owned property totaling 6.46% of the total assessed value in Indiana but paid 41% of the HCI property taxes collected. (State Bd. Tr. at 538, 869.)

The HCI tax statutes have created a classification based upon the taxpayer's county of residence. This classification, however, is arbitrary because it is not based on differences "naturally inhering" within the property itself. *See St. John V*, 702 N.E.2d at 1042; *Lyon*, 359 N.E.2d at 934. This classification resulted in similarly situated taxpayers paying widely divergent HCI tax rates. Because the classification created an artificial distinction, Griffin's property is not taxed in an equal or uniform manner with comparable properties. Accordingly, as the State Board conceded,[14] the HCI tax, as a state tax, violates Article 10, Section 1 of the Indiana Constitution. *See Harrington*, 525 N.E.2d at 361 ("The constitutional requirement of uniform and equal taxation requires that the assessments be consistent with similar property of the same classification.").

## CONCLUSION

For the aforementioned reasons, this Court finds that the material facts in this case are undisputed and that, as a matter of law, the HCI tax is a state tax, Indiana Code § 6–1.1–18–2 is repealed by implication by the HCI tax, and the HCI tax violates the Property Taxation Clause of the Indiana Constitution. Therefore, this Court GRANTS Griffin's motion for partial summary judgment and DENIES the State Board's cross motion for summary judgment. Accordingly, this Court REVERSES the State Board's final determination. The Court, by separate order, will set this matter for further proceedings to determine the nature and extent of Griffin's refund.

---

14. Indeed, the State Board admits that the HCI tax, as a state tax, is unconstitutional. (Trial Tr. 51–52 ("If [the HCI tax is] a state tax, it would be unconstitutional because people in different counties pay different rates.").)